## 31908. BIRGE v. THE STATE.

PER CURIAM.

Birge petitions for certiorari from a Court of Appeals decision (unpublished) affirming the trial court's ruling denying him bail pending appeal of his felony conviction of hindering apprehension or punishment of a criminal.

Birge was convicted on October 20, 1976 in Carroll County Superior Court, and was sentenced to three years' imprisonment. He was charged with participating in the destruction of the police file on the marijuana possession case against his son. The trial court denied his motion for bond pending appeal by written order of November 2, 1976, stating that the denial was based on "the best interest of society and the enforcement of the laws of this state."

Birge appealed to the Court of Appeals alleging that he was an active medical doctor in Carrollton with long term residence there and no prior police record; that the destroyed file contained nothing that could be considered "evidence"; and that the trial court's denial of his challenges to the jury selection system and admission of evidence gathered without a warrant by a "bug"

presented substantial questions on appeal.

The Court of Appeals affirmed the judgment denying bail on grounds that no showing had been made that the trial court's ruling thereon had been an abuse of discretion. See *Corbett v. State,* 233 Ga. 756 (213 SE2d 652) (1975); *Allen v. State,* 137 Ga. App. 302, 304 (223 SE2d 495) (1976). "The granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the trial court, and this court will not control that discretion unless it has been flagrantly abused. [Cits.]" *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286) (1974).

The problem facing the trial courts upon bail applications, and facing us on review, is that nowhere in our decisions have we set forth standards by which to determine whether bail pending appeal should be granted or denied. The standards applied by the federal courts are codified in 18 USCA § 3148. Those standards embrace basically four factors: whether there is a risk that the applicant will flee, or pose a danger to others or the community; or whether it appears that the appeal is frivolous, or is taken for delay.

The ABA Standards recommend the following approach: "2.5 Release pending appeal; stay of execution. (a) When an appeal has been instituted by a convicted defendant after a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a fresh determination made by the trial court. The burden of seeking a stay of execution and release may properly be placed on the appellant.[1] The decision of the trial court should be subject to review by an appellate judge or court on the initiative of either the prosecution or the defense. (b) Release should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment following conclusion of the

---

[1] The trial judge may consider all the evidence adduced at the trial that is pertinent to this determination in addition to such other oral and documentary evidence that he may consider appropriate.

appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In making this determination, the court should take into account the nature of the crime and length of sentence imposed as well as the factors relevant to pretrial release." ABA Standards, Criminal Appeals § 2.5 (a) and (b) (1974).

We decide that these suggested standards are inadequate in one respect only; they contain no provision for denial of bail pending a frivolous appeal or one taken for delay. Accordingly, we adopt as our rule in Georgia these standards in noncapital felony cases with the following change—that the first sentence of subpart (b) shall be amended to read: "Release should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice, and that the appeal is not frivolous or taken for delay."

The petition for certiorari is granted; the decision of the Court of Appeals is reversed; the trial court's order denying bail is vacated; and the case is remanded to the trial court for reconsideration in accordance with this decision.

*Appeal reversed and remanded. All the Justices concur.*

DECIDED DECEMBER 6, 1976.

*Bobby Lee Cook, Al Horn,* for appellant.
*William F. Lee, Jr.,* for appellee.