## 55511. WHITE v. THE STATE.

ORDER OF COURT.

SMITH, Judge.

This is the third appearance of this case before this court on the matter of the granting of an appeal bond to the appellant. We trust that the trial court will abide by *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976) and finally dispose of this case.

The mandate of *Birge v. State,* supra, requires the trial court to address four questions when determining whether to allow an appeal bond: (1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will pose a danger to others or to the

community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support denial of an appeal bond. Three times now the trial court has failed to address these issues.

In view of the number of cases we receive on the matter of appeal bond hearings, this court will set out the procedure a trial court must follow in order to abide by *Birge.* "[A]fter a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a *fresh determination* made by the trial court." (Emphasis supplied.) *Birge v. State,* 238 Ga. 88, 89, supra. In doing so, the court must give applicant notice of the hearing and a chance to appear and be heard. At such hearing, "the trial judge may consider all the evidence adduced at the trial that is pertinent to this determination in addition to such other oral and documentary evidence that he may consider appropriate." Id. Fn. 1. After the appeal bond hearing conducted in accordance with the above guidelines, the court *must* make its decision as to the granting or denying of the appeal bond by answering the questions set out in the above paragraph. If the answer is "yes" to any one of the four questions, the court shall then go further and set out its findings in support of its affirmative answer. The answer of "yes" to any one of the above questions with supporting evidence will support the denial of an appeal bond, absent an abuse of discretion. The purpose of setting forth the supporting evidence is to give the appellate court the opportunity to determine if the trial court abused its discretion.

In the case before us now, the trial court did not attempt to answer any one of the above questions. In fact, the evidence on the hearing would not support a "yes" answer to any one of them. Inasmuch as the trial court abused its discretion by failing to exercise its discretion, the trial court is directed to grant to the appellant a fair and equitable appeal bond instanter, with the proviso that appellant not practice medicine or write prescriptions.

*Deen, P. J., and Banke, J., concur.*

ORDERED JUNE 8, 1978.