*Dupont K. Cheney, District Attorney,* for appellee.

### 55953. JOHNSON v. THE STATE.

McMurray, Judge.

Defendant was indicted and convicted on two counts of the offense of violation of the Georgia Controlled Substances Act. These convictions were reversed by this court due to the failure of the trial court to charge on the law of entrapment. See *Johnson v. State,* 147 Ga. App. 92.

After her conviction defendant made an application for bail pending appeal requesting the superior court to set reasonable bail pending final adjudication of her appeal. After a hearing at which both defendant and the state presented evidence the application for bail pending appeal was denied due to the trial court's determination that defendant's appeal was solely for the purpose of delay and that one or more of the witnesses who testified at defendant's trial would be jeopardized if defendant were released on bail. Defendant appeals, contending that the trial court erred in finding that the safety of one or more witnesses who testified upon her trial would be jeopardized if she were released on bail pending appeal because its determination was based solely upon hearsay evidence which was inadmissible and lacked probative value. Defendant also contends that the trial court erred in determining that her appeal was frivolous and taken for the purpose of delay only. *Held:*

At the hearing on defendant's motion for bail pending appeal a Georgia Bureau of Investigation special agent testified that he had received information from a confidential informant stating that the family of the defendant planned to kill one of the persons involved in the investigation. The agent further testified that he had no personal knowledge as to whether defendant had made such a threat.

It is well settled in Georgia that inadmissible hearsay evidence, even when admitted without objection, has no probative value. *Duke v. State,* 205 Ga. 106, 110 (52

SE2d 455). The hearsay testimony of the Georgia Bureau of Investigation special agent is the only evidence presented that there would be any risk of harm to a witness through the release of defendant on bail pending appeal.

In *White v. State,* 146 Ga. App. 147 (245 SE2d 870), this court set forth four questions which determine whether a trial court should allow an appeal bond. An affirmative answer to any one of these questions mandated by *Birge v. State,* 238 Ga. 88 (230 SE2d 895), is necessary to support the denial of an appeal bond. It is the duty of the trial court to support affirmative answers to any one of these four questions by setting out its findings in support of its affirmative answer in order that the appellate courts may determine if the trial court has abused its discretion. In this case the trial court has set forth an affirmative answer to the questions "Is there a substantial risk the applicant will pose a danger to others or to the community?" and "Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice?" But these affirmative answers being based entirely on hearsay evidence lacking probative value cannot be deemed to be supported by the evidence. The trial court also determined that the appeal was frivolous and taken only for purposes of delay. This court, however, found defendant's appeal to be meritorious.

There being no evidence to support a denial of defendant's application for bail pending appeal the trial court erred in denying defendant's application.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED SEPTEMBER 6, 1978.

*Kenneth S. McBurnett,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.