## 58660. MOORE v. THE STATE.

SMITH, Judge.

This is an appeal from a denial of an appeal bond. The trial court entered an appropriate order using the test enumerated in *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976) finding that "there is a substantial likelihood that

the appellant will not appear to answer the judgment following conclusion of the appellate proceedings."

The appellant contends the order of the trial court was incomplete under *White v. State,* 146 Ga. App. 147 (245 SE2d 870) (1978) because it did not set forth findings of fact to support the affirmative answer. We agree that the language in *White* would support such a contention. However, the *White* case is overbroad. Therefore in order to clear this up, we are rewriting paragraph two on page 148 of *White* to read as follows: In view of the number of cases we receive on the matter of appeal bond hearings, this court will set out the procedure a trial court must follow in order to abide by *Birge.* "[A]fter a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a *fresh determination* made by the trial court." (Emphasis supplied.) *Birge v. State,* 238 Ga. 88, 89, supra. In doing so, the court must give applicant notice of the hearing and a chance to appear and be heard. At such hearing the burden of seeking a stay of execution and a release on bond is upon the applicant. Also, "the trial judge may consider all the evidence adduced at the trial that is pertinent to this determination in addition to such other oral and documentary evidence that he may consider appropriate." Id. Fn. 1. After the appeal bond hearing conducted in accordance with the above guidelines, the court *must* make its decision as to the granting or denying of the appeal bond by answering the question set out in the above paragraph.[1] The answer of

---

[1]The above paragraph referred to in *White* is as follows: "The mandate of *Birge v. State,* supra, requires the trial court to address four questions when determining whether to allow an appeal bond: (1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support denial of an appeal bond."

"yes" to any one of the above questions will support the denial of an appeal bond, absent an abuse of discretion. If an affirmative finding is reached as to any one of the four *Birge* criteria, for this court to consider the appeal the record must include a transcript or meet the requirements of Code § 6-805. In the absence of a transcript we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court.

Anything to the contrary in *White v. State,* 146 Ga. App. 147, supra; *Johnson v. State,* 147 Ga. App. 94 (248 SE2d 170) (1978); *Fong v. State,* 148 Ga. App. 828 (253 SE2d 218) (1979); and *Logan v. State,* 151 Ga. App. 274 is hereby overruled.

*Appeal dismissed. Deen, C. J., Quillian, P. J., McMurray, P. J., Shulman, Banke, Birdsong, Underwood and Carley, JJ., concur.*

DECIDED AUGUST 2, 1979 —
REHEARING DENIED SEPTEMBER 20, 1979.

*L. Z. Dozier,* for appellant.