## 58001. LOGAN v. THE STATE.

CARLEY, Judge.

Pending appeal of his conviction for rape and aggravated sodomy and sentence of twenty years, Logan's motion for supersedeas bond was denied. Logan's motion was heard on two days. A deputy testified that as Logan was coming into the sheriff's department after he was sentenced he made the statement "that they may as well get their shotguns ready because he wasn't going to build the time." The sheriff testified that hacksaw blades and weapons were found in Logan's cell block and that bars in a window had been cut and soaped back in. Both the sheriff and the chief deputy gave an opinion, based on

their experience and familiarity with Logan, that there was a substantial risk that he would attempt to flee the jurisdiction of the court if released on bond.

Logan's mother, fiancee and the father of a co-defendant testified that he had lived in Douglas County all his life, had custody of his young son, had never before been convicted of any crime, had a carpenter business in the county, was on bond during the trial of his case and was always present when he was supposed to be. Logan indicated that he had no intention of fleeing the jurisdiction of the court; that he had never made threats to anyone involved in the case; that he would make himself available for any and all hearings; that he had no intention of committing a crime against anyone; and that he felt he had a valid ground for his appeal.

The trial court, after hearing all the evidence and argument of counsel, issued an order denying Logan's application for supersedeas bond and making the following findings of fact:

"(1) Substantial risk exists that the Defendant will not appear to answer the judgment following conclusion of appellate proceedings, as defendant has repeatedly stated to inmates in the Douglas County Jail and Sheriff's deputies that he wasn't 'going to do the time,' or words to that effect. Further, evidence exists indicating defendant was a participant in a conspiracy to escape from the Douglas County Jail, subsequent to his conviction, by the sawing of jail bars with hack saw blades.

"(2) The Court can not find that the defendant is not likely to commit a serious crime if released during the pendency of his motion for new trial, based upon the evidence presented at trial, in the sentencing report, and upon the hearing of this motion."

Logan appeals, complaining that the trial judge erred in failing (1) to apply the criteria set forth in *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976), and (2) to make findings of fact supported by evidence as required thereby.

1. "The mandate of *Birge v. State,* supra, requires the trial court to address four questions when determining whether to allow an appeal bond: (1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk

the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to *any* of these questions will support denial of an appeal bond . . .

"After the appeal bond hearing conducted in accordance with the above guidelines, the court *must* make its decision as to the granting or denying of the appeal bond by answering the questions set out in the above paragraph. If the answer is 'yes' to any one of the four questions, the court shall then go further and set out its findings in support of its affirmative answer. The answer of 'yes' to *any one* of the above questions with supporting evidence will support the denial of an appeal bond, absent an abuse of discretion. The purpose of setting forth the supporting evidence is to give the appellate court the opportunity to determine if the trial court abused its discretion." (Emphasis supplied.) *White v. State,* 146 Ga. App. 147-148 (245 SE2d 870) (1978).

After hearing the evidence here the trial judge determined that there was a substantial risk that Logan would flee and that he would pose a substantial risk to others. The order enumerated findings of fact to support these conclusions. Although the order does not specifically indicate answers to all four questions framed by *Birge* and applied as criteria in *White,* supra, and *Johnson v. State,* 147 Ga. App. 94 (248 SE2d 170) (1978), the trial court did "go further and set out its findings in support of its affirmative answer" to two of those questions. Since an affirmative answer to "*any one*" of the four questions with supporting evidence will authorize the denial of an appeal bond, it would serve no useful objective purpose to require that the court write out questions and answer them negatively. Therefore, we conclude that a negative answer may be implied as to questions not addressed when any one is answered affirmatively with a recitation of supporting evidence.

2. Logan's statement that he was not going to do time was made in front of a witness who testified, and, therefore, was not without probative value as was the

hearsay testimony in *Johnson v. State,* supra. This evidence was sufficient to support the finding that there was a substantial risk that Logan would not appear to answer the judgment following appellate proceedings. The order also recites that the court considered evidence presented at the trial and in the sentencing report, as well as at the hearing, which it was authorized to do under *Birge.* Since we have only the transcript of the hearing before us, we must assume that the trial judge's findings are supported by the other evidence considered. *Nalley v. State,* 147 Ga. App. 634 (249 SE2d 685) (1978). Accordingly, since no abuse of discretion has been shown in the court's denial of bail, both enumerations of error are without merit.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Submitted May 30, 1979 — Decided September 10, 1979.

*W. O'Neal Dettmering, Jr.,* for appellant.
*W. A. Foster, III, District Attorney, Charles E. Brown, Assistant District Attorney,* for appellee.