## 59146. CHATHAM v. THE STATE.

BANKE, Judge.

This appeal is from the denial of appellant's motion for appeal bond in an armed robbery case. A hearing on the matter was held by the trial court as required by the Georgia Supreme Court in *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976). Appellant contends that the trial court abused its discretion in denying bond and additionally that the findings of the court are insufficient as a matter of law to sustain the denial of appeal bond. *Held:*

"The granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the trial court, and this court will not control that discretion unless it has been flagrantly abused." *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286) (1968). "[T]he burden of seeking a stay of execution and a release

on bond is upon the applicant." *Moore v. State,* 151 Ga. App. 413, 414 (1979).

The appellant presented extensive evidence in support of his petition. His mother testified that her son had always been a resident of Coweta County, that he was not a violent person, and that he would not flee or bring any harm to anyone in the community if released. She intended to pledge her home as security for the bond.

The jailer of the Coweta County jail testified that he had known appellant for nine months, that appellant was cooperative and non-violent, and that he did not represent a flight risk. A law enforcement officer of 19 years' service who had known appellant for 14 years gave similar testimony. The supervisor of a local construction company testified that appellant had worked for him previously and that the job was again available if bond was granted. This witness also gave his opinion that appellant is not dangerous and would not flee if released. The appellant testified in his own behalf that he was not violent and that he would not flee. The attorney who represented appellant at trial specified what appears to be a valid ground for appeal.

In opposition to the testimony in support of release, the state presented the testimony of two policemen who had participated in the investigation of the armed robbery case and had arrested the appellant for the offfense. Their testimony indicates that appellant's role in the armed robbery was to draw a map of the robbery location and to drive the car involved. He was not armed, nor was he located at the actual scene of the robbery. Both officers considered appellant a flight risk based on their knowledge that at the time of his arrest he was on bond for other charges. The appellant was acquitted of those charges at a subsequent trial. The only other evidence in opposition to the motion was provided by the attorney representing the state, who merely stated in his place that the appeal was frivolous. This attorney was not involved in the trial of the case.

"The mandate of *Birge v. State,* [238 Ga. 88 (230 SE2d 895)] requires the trial court to address four questions when determining whether to allow an appeal bond: (1) Is there a substantial risk the applicant will flee? (2) Is there

a substantial risk the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support denial of an appeal bond." *White v. State,* 146 Ga. App. 147 (245 SE2d 870) (1978). The trial court's findings in this case do not affirmatively answer any of the four questions. Instead, the court stated, "It . . . impossible to find . . . appellant is not likely to commit a serious crime . . . the court could not find that he would not. Neither could the court find that the appeal is not frivolous." These "findings" couched in the double negative fall short of the affirmative answers required by *White v. State,* supra, as supplemented by *Moore v. State,* 151 Ga. App. 413, supra. The case is remanded for a reconsideration of the evidence by the trial court. If bond is again denied, the case may be returned to this court for further review to determine compliance with *Moore* and *White,* supra.

*Judgment vacated and case remanded. McMurray, P. J., and Smith, J., concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 14, 1980.

*Gerald P. Word, Ernest D. Brookins,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.