## 60212. ROYALS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of an incestuous relationship with his daughter. The defendant's motion for bail pending appeal was denied and defendant appeals. *Held:*

An appeal bond hearing was conducted in accordance with the guidelines set forth in *Moore v. State,* 151 Ga. App. 413 (260 SE2d 350) and *White v. State,* 146 Ga. App. 147 (245 SE2d 870), in order to satisfy the mandate of *Birge v. State,* 238 Ga. 88, 89 (230 SE2d 895), that "after a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a fresh determination made by the trial court."

After a hearing, a transcript of which is in the record before us, the trial court determined that there is a substantial risk that defendant will pose a danger to others and to the community. In reaching this determination the trial court points out evidence that the crime for which defendant has been convicted involves coercion by an adult male of a 12 and 13-year-old female to submit to a

criminal act and that the victim has returned to live with her mother and sisters and would likely be living in the same house with the defendant if he were released again to the community. Furthermore, the trial court points out evidence that the defendant has a history of unemployment which would result in periods of his being at home alone with the children while the mother works away from the home and that other younger female children are living with the family and would be potentially subject to the same abuse as the victim in this case.

These factual conclusions reached by the trial court are authorized by the evidence presented at the hearing on the motion and authorize the finding that there is a substantial risk that the defendant, if released, would pose a danger to others and to the community. This finding alone is sufficient to require that defendant be retained in custody and we need not consider the merits of the trial court's further finding that there is a substantial risk that the defendant will intimidate witnesses or otherwise interfere with the administration of justice.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JULY 1, 1980 — DECIDED JULY 16, 1980.

*E. Kontz Bennett, Jr.,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.