## 63516. PRESSEL v. THE STATE.

QUILLIAN, Chief Judge.

Robert Pressel and Jenny Tallant were convicted of possession of more than one ounce of marijuana. They requested bond pending appeal and the court held a hearing in accordance with *Birge v. State,* 238 Ga. 88 (230 SE2d 895). The trial court's findings of fact reveal that defendant Tallant resided in Decatur, Georgia, just prior to trial and defendant Pressel resided in West Carrolton, Ohio. Evidence introduced at trial showed defendants were in possession of approximately 14 pounds of marijuana at the time of their arrest, a quantity of baggies, scales, a quantity of zig-zag papers (used to roll-your-own cigarettes), a quantity of milk sugar (commonly used for cutting cocaine), a quantity of small vials (commonly used for cocaine), one "sniffer" (commonly used in ingesting cocaine), and a small amount of cocaine.

The trial court allowed Tallant to make bond but denied Pressel bond after finding "(1) There is a substantial risk the Defendant will flee as the Defendant lived outside the State of Georgia just prior to his trial and conviction and has not demonstrated family connections, property holdings, or other ties in this State; (2) There is a substantial risk the applicant will pose a danger to others and to the community as the evidence introduced at the trial shows the Defendant to be deeply involved in illegal drugs on such a scale that the only reasonable conclusion is that the Defendant was involved in the sale of drugs. No showing was made that the Defendant could earn a living in a legal manner if released on bond pending appeal." Defendant Pressel brings this appeal from the trial court's denial of his motion for bond. *Held:*

Defendant contends the trial court erred in denying him bond in that it arbitrarily concluded that a non-Georgia resident posed a significant risk of flight because of his out-of-state residency, and arbitrarily concluded because of the marijuana and drug paraphernalia that he posed a significant danger to the community.

In *Birge v. State,* 238 Ga. 88, 90, supra, the Supreme Court set the standard for the trial court that "[r]elease should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment . . . and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice, and that the appeal is not frivolous or taken for delay." In addition, we held in a whole court opinion, in *Moore v. State,* 151 Ga. App. 413, 414 (260 SE2d 350), that "the burden of seeking a stay of execution and a

release on bond is upon the applicant . . ." Thus, we start from the position — under *Birge's* strictures, that the trial court should not grant bond pending appeal unless the appellant presents sufficient information, evidence and/or argument, to convince the court that there is no substantial risk he will not appear to answer judgment; is not likely to commit a serious crime, intimidate witnesses, or otherwise interfere with the administration of justice; and that his appeal is not frivolous or taken for the purpose of delay. If the appellant does not carry his burden of convincing the court to reach a negative answer to all of these criteria — "[r]elease should not be granted . . ." 238 Ga. at 90, supra. Of course, stated another way, if the court arrives at a "yes" answer to any of the *Birge* criteria — bond should be denied. *Moore v. State,* 151 Ga. App. 413, 414, supra.

In a *Birge* hearing the trial court is the finder of fact and an appellate court will not reverse unless such determination is clearly erroneous. See *High v. State,* 233 Ga. 153, 154 (210 SE2d 673); *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689); *Jones v. State,* 243 Ga. 820, 826 (256 SE2d 907). The trial court answered two of *Birge's* questions in the affirmative. Those findings are supported by the record and are not clearly erroneous.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 18, 1982 —
REHEARING DENIED MARCH 3, 1982 — ■■■■■■■■■

*Al Horn, Barry Hazen,* for appellant.
*Joseph H. Briley, District Attorney, Al Martinez, Assistant District Attorney,* for appellee.