## 63564. FREEMAN v. THE STATE.

QUILLIAN, Chief Judge.

Defendant was convicted of selling more than 100 pounds of marijuana and sentenced to eight years and a fine. He applied for bond pending appeal and the trial court held a hearing in accordance

with *Birge v. State,* 238 Ga. 88 (230 SE2d 895). Defendant presented the testimony of 8 persons and himself indicating that he met the four *Birge* requirements for bond. The state presented evidence from three law enforcement officers that for the preceding two years or more they had been receiving information from reliable informants that defendant was involved in the transportation of large quantities of marijuana and other controlled substances into the area, and other evidence that defendant had stored marijuana in a grain bin on his farm. The trial court found that there was 1. a substantial risk that the defendant would not appear to answer judgment after his appeal process had been concluded; 2. that there was a substantial likelihood that defendant would commit a serious crime if bond was granted pending appeal; and 3. that there was a substantial risk that defendant would interfere with the administration of justice if bond was granted pending appeal. The application for bond was therefore denied, from which this appeal is taken. *Held:*

In a *Birge* hearing the trial court is the finder of fact and an appellate court will not reverse unless such determination is clearly erroneous. See, *High v. State,* 233 Ga. 153 (210 SE2d 673); *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689); *Jones v. State,* 243 Ga. 820, 826 (256 SE2d 907). The trial court found that defendant did not meet three of the four *Birge* requirements for release. The findings are supported by the evidence and are not clearly erroneous.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 12, 1982.

*A. J. Whitehurst,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.