## 65456. MORTON v. THE STATE.

POPE, Judge.

On July 13, 1982 appellant Morton was tried before a jury, convicted of the offense of child molestation and sentenced to twenty years imprisonment. His motion for bond pending appeal was heard on July 23, 1982 and denied on August 3, 1982. On appeal of the denial of his motion, this Court remanded to the trial court with direction that "said court make findings on the issue of an appeal bond as set forth in *Birge v. State,* 238 Ga. 88 [230 SE2d 895] (1976)." On October 5, 1982 the trial court again denied appellant an appeal bond, finding that he "poses a danger to others in the community and should be denied an appeal bond pursuant to *Birge . . .*" and that the appeal "is frivolous or is taken for the purpose of delay. . . ." The trial court's order was further clarified on October 29, 1982 to specify that the "bond denial was predicated upon his two (2) prior convictions for the same offense, to wit: 1955 conviction in Rabun Superior Court charging child molesting, wherein he was sentenced for a period of fifteen (15) to twenty (20) years, and the offense in 1968, to which a plea of nolo contendere was entered in the Fulton Superior Court in 1969, charging child molestation and a sentence imposed of five (5) years to serve one (1)." The order also reiterated that the denial was supported by the court's finding that appellant poses a threat to society.

Appellant claims in the present appeal that the trial court

abused its discretion in failing to grant his motion for bond pending appeal and in holding that he poses a threat to society. "The mandate of *Birge v. State,* supra, requires the trial court to address four questions when determining whether to allow an appeal bond: (1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support denial of an appeal bond." *White v. State,* 146 Ga. App. 147 (245 SE2d 870) (1978).

We find that the trial court complied with the procedure required by *Birge,* which was set out in *White* and further refined in *Moore v. State,* 151 Ga. App. 413 (260 SE2d 350) (1979). The denial of bond pending appeal is supported by the evidence of record. Based upon the fact that at the time of the appeal bond hearing appellant had been convicted three separate times for the offense of child molestation, the trial court was authorized to find a substantial risk that appellant's release on bond would pose a danger to others and to the community. "This finding alone is sufficient to require that [appellant] be retained in custody. . . ." *Royals v. State,* 155 Ga. App. 389, 390 (270 SE2d 908) (1980).

We do not agree with appellant's apparent contention that his previous sentences were commuted so as to render the two prior convictions invalid as bases for the trial court's denial of bond. Appellant relies on a February 24, 1976 order of the State Board of Pardons and Paroles restoring his civil and political rights as proof in this regard. However, such order does not remove the fact that appellant was twice before convicted of molesting a minor child. Instead, disabilities incurred by appellant as a consequence of those convictions were removed by the order by formally restoring such civil and political rights as the right to vote, to hold public office and to sit on a jury. "A Restoration of Civil and Political Rights carries no implication of innocence. . . ." Rules of State Board of Pardons and Paroles, Ch. 475-3-.10(6) (Rev. April 4, 1979).

We find no abuse of discretion and no error in the denial of bond pending appeal.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1983.

*Billy L. Spruell,* for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellee.