## 65583. EDWARDS v. THE STATE.

Pope, Judge.

On October 8, 1982 after a jury trial, appellant Edwards was convicted of one count of armed robbery and two counts of robbery. Prior to his conviction, appellant had been free on bond in the amount of $35,000. On October 15, 1982 a hearing was held on appellant's motion for bond pending appeal. By order dated October 19, 1982 bond was denied.

Appellant enumerates as error the trial court's denial of his motion for an appeal bond. Specifically, appellant asserts that the trial court abused its discretion by denying bond based upon two grounds claimed by appellant to be unsupported by the evidence. The order denying bond stated that the court found a substantial risk that appellant, if released on bond, would pose a risk to the community. Appellant's conviction arose from a charge of armed robbery of a Tenneco station and two charges of purse-snatching. Further, he had entered a guilty plea in 1979 to a charge of burglary. The trial court's finding was authorized on this point. See *Morton v. State,* 166 Ga. App. 170 (303 SE2d 509) (1983).

Appellant also challenges the trial court's finding that appellant might flee the jurisdiction if released on bond. Ample evidence was presented to show that appellant's intended employment required that he work at sites throughout the state. No evidence was introduced to show that he planned to reside within the jurisdiction in which he was convicted. In fact, appellant bases much of his appeal in this matter upon his acceptance for instruction several nights a

week at a vocational school located outside the jurisdiction of the trial court.

Upon review of the record, we find that the trial court complied with the procedures required by *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976), which were set out in *White v. State,* 146 Ga. App. 147 (245 SE2d 870) (1978), and further refined in *Moore v. State,* 151 Ga. App. 413 (260 SE2d 350) (1979). "In a *Birge* hearing the trial court is the finder of fact and an appellate court will not reverse unless such determination is clearly erroneous." *Pressel v. State,* 161 Ga. App. 488, 489 (287 SE2d 780) (1982). The trial court's findings are supported by the record, and the trial court did not abuse its discretion in denying appellant's motion for bond pending appeal.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1983.

*Jay W. Bouldin,* for appellant.
*Robert E. Keller, District Attorney, Mary Jane Stewart, Assistant District Attorney,* for appellee.