68072. LIPSEY v. THE STATE.

BANKE, Judge.

Pending appeal of his conviction of child molestation, the appellant seeks the reversal of an order denying his motion for an appeal bond. The appellant was indicted for three counts of child molestation, each involving his 12-year-old stepdaughter. The first count was

based on alleged sexual intercourse, the second on alleged sodomy, and the third on alleged fondling. A jury found him not guilty as to the sexual intercourse count and guilty as to the sodomy and fondling counts. The court imposed a 20-year sentence on each of the convictions, to be served consecutively.

At the hearing on the motion for appeal bond, the appellant's wife testified that she and the appellant had lived together in the Atlanta area for nine years and that the appellant's mother, his daughters by a previous marriage, and his grandchildren also resided in the area. A former employer testified that he was willing to offer the appellant his old job back in the event bond were granted. It appears that the appellant has no prior criminal record and that during the year before trial he was free on $500 bond, without incident. After hearing this evidence, the court announced: "I'm not going to grant an appeal bond in this case. The court in its discretion finds there is substantial likelihood that he would flee the jurisdiction since he is now facing a 40-year sentence, has been sentenced to 40 years. The court also finds that he has — there is substantial likelihood of interference with witnesses in the case based upon the evidence heard at the trial." A written order to this effect was filed several days later. The appellant was subsequently granted a new trial as to Count 3 of the indictment due to improper venue. Thus, his sentence presently stands at 20 years rather than 40 years. *Held*:

"The mandate of *Birge v. State*, [238 Ga. 88, 89 (230 SE2d 895) (1976)], requires the trial court to address four questions when determining whether to allow an appeal bond: (1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support denial of an appeal bond." *White v. State*, 146 Ga. App. 147 (245 SE2d 870) (1978); *Moore v. State*, 151 Ga. App. 413, 414-415 (260 SE2d 350) (1979).

There is no evidence in either the transcript of the bond hearing or the transcript of the trial to suggest the existence of a substantial risk that the appellant might flee, intimidate witnesses, or otherwise interfere with the administration of justice if released on bond pending appeal. Compare *Morton v. State*, 166 Ga. App. 170 (303 SE2d 509) (1983). All the evidence is in fact to the contrary. In support of its conclusion that the appellant might flee, the court evidently relied solely on the length of the sentence originally imposed. This sentence was subsequently reduced from 40 years to 20 years by virtue of the granting of the appellant's motion for new trial as to Count 3 of the

indictment, and we do not in any event believe that in a non-capital case the length of the sentence alone can serve as a sufficient basis for the denial of an appeal bond. Rather, this is merely one factor to be taken into consideration along with others. Accord *Birge v. State,* supra, 238 Ga. at 90, citing ABA Standards, Criminal Appeals, § 2.5 (a) and (b) (1974). As for the court's finding that there was a substantial risk that the appellant might intimidate witnesses or otherwise interfere with the administration of justice, this was evidently based on evidence that the appellant's wife had sought prior to trial to influence the victim to change her testimony. We reject the state's apparent contention that the actions of the appellant's wife may be attributed to the appellant based merely on the fact of their relationship.

*The court's order denying the motion for appeal bond is reversed, with direction that a reasonable appeal bond be set instanter. Shulman, P. J., Birdsong, Carley, and Sognier, JJ., concur. McMurray, C. J., Deen, P. J., Quillian, P. J., and Pope, J., dissent.*

DECIDED FEBRUARY 14, 1984 —
REHEARING DENIED MARCH 12, 1984.

*Don C. Keenan, Julie K. Fegley, David S. Bills,* for appellant.
*Robert E. Wilson, District Attorney, Jonathan C. Peters, Barbara Conroy, Assistant District Attorneys,* for appellee.

POPE, Judge, dissenting.
"The granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the trial court, and this court will not control that discretion unless it has been flagrantly abused." *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286) (1968). Based upon the record in this case, I do not believe the trial court has flagrantly abused its discretion in denying appellant's motion for bond pending appeal. Therefore, I respectfully dissent.

The record evidence shows that the crimes with which appellant was charged took place during early 1982. Shortly thereafter, the twelve-year-old victim (appellant's stepdaughter) was placed in a home for children. At some point prior to trial, the victim's mother (appellant's wife) took her from the home to a small office in the courthouse. As the result of her mother's statements to her, the victim recanted her allegations of misconduct on the part of appellant. Present in the courthouse office were the victim, her mother, appellant's trial counsel and a court reporter; no one else was present. The victim testified at trial that her mother had told her if she said her allegations against appellant were false, then the family could get back together again. The victim was afraid that if she did not change her story, she would have to spend the rest of her life at the children's home. This courthouse meeting took place at a time when appellant

was free on bond pending trial and was living with his wife, the victim's mother. Additionally, at the hearing on appellant's motion for bond pending appeal, the evidence showed that appellant, if he were released, would likely again be living with his wife. He thus would have access to the victim, who made occasional visits from the children's home.

As noted by the majority, appellant was granted a new trial on one of his convictions (Count III) subsequent to the trial court's denial of his motion for bond. Although there is no evidence of appellant's direct involvement in attempting to intimidate or to influence the testimony of the victim, the trial court was authorized to infer from the circumstances that appellant was aware of and concurred in the actions of his wife in trying to influence the victim's testimony at trial. Also, the trial court was authorized to consider, and apparently did consider, that appellant had received a maximum sentence for each of his crimes. See *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976). Under these circumstances, and although there was some evidence to the contrary, I believe the trial court did not abuse its discretion in concluding that there was a substantial risk that appellant would attempt to intimidate the twelve-year-old victim or otherwise interfere with the administration of justice, particularly now as to any retrial of Count III. See, e.g., *Royals v. State*, 155 Ga. App. 389 (270 SE2d 908) (1980). I would affirm the trial court's denial of bond pending appeal.

I am authorized to state that Presiding Judge Deen joins in this dissent.

### On Motion for Rehearing.

The state urges for the first time on motion for rehearing that certain evidence presented during the trial showing prior mistreatment of the victim by the appellant should be construed as evidence of witness intimidation. However, the conduct in question occurred before the appellant was charged with child molestation and was so integrally connected to the commission of the offense as to be a part of it. As previously stated, the appellant was free on bond for a year between the time of his arrest and the time of his trial, and there is absolutely no indication that during that period he, as opposed to his wife, engaged in any attempt to intimidate the victim or any other witness.