### 70431. JOHNSTON v. THE STATE.
(337 SE2d 42)

BEASLEY, Judge.

The defendant appeals the denial of his application for supersedeas bond pending his appeal. The defendant was convicted of possession of methaqualone with intent to distribute and possession of more than one ounce of marijuana.

In addressing the issues the trial court found that there was no risk the defendant would flee or pose a danger to others and that the appeal was not frivolous. The court took into account the nature of the crime and the length of sentence imposed and found that the value of the drugs involved was between $900,000 and $1,300,000. Thus, because of the nature of the crime "including the astronomical sum reflecting value" the application for bond was denied.

In *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976) the Supreme Court held that in making a determination as to whether an appellant is likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice, "the court should take into account the nature of the crime and length of sentence imposed as well as factors relevant to pretrial release."

This court has held that length of sentence alone is not a sufficient basis for denial of an appeal bond. *Lipsey v. State*, 170 Ga. App. 212, 214 (316 SE2d 774) (1984).

In *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350) (1979) we pointed out that the trial court need not set forth detailed findings of fact. We set out the procedure which would best expedite the process and provide a fair consideration of the issues. As part of the process, the court must answer the four questions mandated by *Birge*, supra. A "yes" answer to any one will support the denial of an appeal bond, absent an abuse of discretion.

Here the trial court answered "no" to three of the questions (1, 2, and 4). We interpret that it answered number three affirmatively, finding there was a substantial risk the applicant would intimidate witnesses or otherwise interfere with the administration of justice because of the combination of the nature of the crime, which involved drugs and a large sum of money, and the 10-year sentence.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 10, 1985 —
REHEARING DENIED OCTOBER 30, 1985 — 

*Paul J. Stalcup*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul L. Howard, Jr., Margaret V. Lines, Assistant District Attorneys*, for appellee.