## 72097. SHAW v. THE STATE.
### (341 SE2d 919)

BEASLEY, Judge.

This appears to be the first appellate case where the post-conviction bond was denied solely because of the character of the contemplated appeal. Thus the only question on appeal is whether the trial court correctly concluded that defendant did not show that the intended appeal was not frivolous.[1]

*Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976) sets out the standards for considering such bond.[2] As we explained further in *Pressel v. State*, 161 Ga. App. 488 (287 SE2d 780) (1982): "In *Birge* . . . , the Supreme Court set the standard for the trial court that '(r)elease should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment . . . and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice, and that the appeal is not frivolous or taken for delay.' In addition, we held in a whole court opinion, in *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350), that 'the burden of seeking a stay of execution and a release on bond is upon the applicant . . .' Thus, we start from the position — under *Birge*'s strictures, that the trial court should not grant bond pending appeal unless the appellant presents sufficient information, evidence and/or argument, to convince the court that there is no substantial risk he will not appear to answer judgment; is not likely to commit a serious crime, intimidate witnesses, or otherwise interfere with the administration of justice; and that his appeal is not frivolous or taken for the purpose of delay. If the appellant does not carry his burden of convincing the court to reach a negative answer to all of these criteria — '[r]elease should not be granted . . .' [Cit.]"[3]

At the bond hearing, defendant advanced two possible enumera-

---

[1] Appellant actually moved for an "appeal bond." This is a misnomer because no appeal had been filed; only a motion for new trial was pending. The Code and case law, however, make no distinction between the trial court's authority to grant a bond pending appeal and a bond pending a ruling on a motion for new trial. See OCGA § 17-6-1 (a) and (d); *Grayer v. State*, 176 Ga. App. 248 (335 SE2d 483) (1985); *Johnston v. State*, 176 Ga. App. 620 (337 SE2d 42) (1985).

[2] *Birge* adopts the ABA Standards but adds a portion of 18 USC § 3148 (now § 3143). Although the criteria taken from the federal statute is couched in different and stricter terms, it too deals with the character of the appeal. This criterion was examined in *United States v. Seegers*, 433 F2d 493 (2, 3) (D. C. Cir. 1970).

[3] *Pressel* went on to state: "Of course, stated another way, if the court arrives at a 'yes' answer to any of the *Birge* criteria — bond should be denied. [Cit.]" This language alludes to the questions as framed in *White v. State*, 146 Ga. App. 147 (245 SE2d 870) (1978), a portion of which decision was rewritten in *Moore v. State*, supra. The questions are posed in a neutral form and, if taken out of context, leave open the issue of whether the state or the applicant has the burden. *Birge v. State*, supra at 90, clearly put it on the applicant.

tions of error, both involving the admission of evidence which he had objected to: one, the admission of testimony of a State Crime Lab employee regarding evidence of blood, where the testimony was based on "computer information" rather than her own expertise; and two, the admission of a stained shirt into evidence where "there was no evidence that that stain was blood." He indicated there might be more, but he was unable at that time to point them out because he did not yet have a transcript. Any other potential errors, therefore, could not be considered, and the mere fact that defendant did not have the transcript to comb would not remove the presumption of frivolousness.

The court, which was familiar with the two points under discussion from having tried the case, determined that as a matter of law they were without merit. It concluded that defendant did not meet the burden of showing that the appeal would not be frivolous. This involves solely a legal question and not one where the court would have to make a determination of fact, as in the other criteria in the standards. It would be making the legal decision that none of the points raised were even arguable as a matter of law, from the standpoint of the appellate court, so it was frivolous to pursue the appeal although the defendant had a right to do so.

Defendant offered no authority to support his position below. On appeal, we are faced with the same question. It is not so much a matter of discretion, as it is with the other criteria, see *Chatham v. State*, 153 Ga. App. 483 (265 SE2d 835) (1980),[4] but whether the points raised are arguable as a matter of law. Facts are not in dispute. Thus, when an appeal bond is denied on this ground, defendant is obligated to show the appellate court that there are arguable points.

For us to make that determination, i.e., to conclude that the trial court was wrong in determining the convicted defendant has not shown that the appeal would not be frivolous, we must examine the alleged errors. Thus it is incumbent on defendant to include those portions of the transcript where the alleged errors occurred and refer to them much as is required by Court of Appeals Rule 15 (c) (3), or develop in the bond hearing a narrative describing their occurrence much like that contemplated by OCGA § 5-6-41. Only then could we review the alleged errors to determine if they might arguably have merit. Secondly, he would be obligated to provide some authority for his position, to demonstrate that the points are not totally meritless.

---

[4] The 1982 amendment to OCGA § 17-6-1, effective November 1, 1982, removed some discretion from the trial court by mandating that "[n]o appeal bond shall be granted to any person who has been convicted of murder, rape, armed robbery, kidnapping, or aircraft hijacking and who has been sentenced to serve a period of incarceration of seven years or more." Ga. L. 1982, p. 910, § 1.

In the instant case, defendant has done neither. Although the trial transcript is included on appeal, no reference is made to where the alleged errors occurred, nor were the occurrences and specific objections sufficiently developed in the bond hearing so that we can detect what the nature of the complaints are. Neither does appellant provide any authority to support the position that these points which elude us have some merit.

Not having shown that the intended appeal is not frivolous, the denial of the bond must be affirmed.

*Judgment affirmed. Deen, P. J., concurs. Benham, J., concurs in the judgment only.*

DECIDED FEBRUARY 27, 1986.

*Thomas F. Jarriel,* for appellant.

*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Assistant District Attorney,* for appellee.