72618. NEWTON v. THE STATE.
72619. PYLE v. THE STATE.
(350 SE2d 483)

BENHAM, Judge.

Appellants were convicted of assault and aggravated sodomy. They made motions for new trial and for appeal bonds. After the bond hearing, the trial court ordered that bond be denied. Appellants here contend that the trial court's action was an abuse of discretion. We disagree and affirm.

Pursuant to the mandate of *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976), appellants were afforded a hearing at which they presented testimony in support of their motion, and after the hearing the trial court rendered its decision by addressing the required four questions: "(1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support denial of an appeal bond. [Cit.]" *Morton v. State,* 166 Ga. App. 170, 171 (303 SE2d 509) (1983). In its order the trial court gave affirmative answers to questions 1, 3, and 4 and denied bond.

"[T]he burden of seeking a stay of execution and a release on bond is upon the applicant." *Moore v. State,* 151 Ga. App. 413, 414 (260 SE2d 350) (1979). If the applicant does not carry his burden by presenting sufficient information, evidence, and/or argument to convince the court to give negative answers to the four *Birge* questions, release should not be granted. *Pressel v. State,* 161 Ga. App. 488 (287 SE2d 780) (1982). Our review of the bond hearing transcript reveals that appellants did not present any evidence or argument on the issues of frivolousness of the appeal or the likelihood of intimidating

the prosecuting witness. Since appellants failed to carry their burden, the trial court did not abuse its discretion in denying bond to them. See also *Shaw v. State*, 178 Ga. App. 67 (341 SE2d 919) (1986).

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 5, 1986.

*Thomas E. Maddox, Jr.*, for appellants.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.