## 73924. DEYTON v. THE STATE.
(354 SE2d 625)

BIRDSONG, Chief Judge.

Baxter Deyton was convicted by jury of two counts of aggravated child molestation involving oral sodomy and one count of child molestation all with his 13-year-old step-grandchild. He was sentenced to 20 years on each count with twelve to serve followed by 8 years of probation, all to run concurrently. Deyton brings this appeal enumerating four errors. *Held*:

1. Treating the third enumeration of error first, Deyton complains the evidence presented to the jury was insufficient as a matter of law to support the findings of guilty by the jury and should have been the basis for the grant of a motion for new trial.

Without delineating the conflicting evidence, we conclude the jury was warranted in believing that on numerous occasions during the 12-month period from April 1985 through April 1986, the 63-year-old defendant attempted acts of sexual intercourse with his 13-year-old step-granddaughter, fondled her genitalia and that on at least two occasions during that same time he engaged in acts of oral sodomy with her with the appellant acting as the soliciting but passive partner. The child was allowed to testify to a continuing course of conduct over the entire period of the year but the jury was charged properly and affirmatively that the jury could consider other acts than the three charged solely for the purpose of being descriptive of an intent or course of conduct by the defendant. While establishing its case, the State was allowed over objection to show how the child reacted negatively in her school work and participation in and with other students and teachers, as well as her changed attitude in the home environment over the course of the year during which the molestation occurred. Moreover, the State was allowed to proffer evidence that after remaining silent for a year after the acts first began to occur, the victim made a generalized statement to a school friend that she had been molested but without delineating any of the facts of who was involved. The State was then allowed to show that after the first disclosure, the victim gave more descriptive renditions to a teacher and a social worker, thus tending to show how the defendant became a suspect and to explain the delay in the ultimate complaint.

When this evidence is considered in its entirety, we are satisfied that any rational trier of fact would have been warranted in concluding that Deyton's guilt of the three charges was shown by competent evidence beyond any reasonable doubt. *Jackson v. Virginia*, 443 U. S.

307 (99 SC 2781, 61 LE2d 560). This enumeration of error is without substantial merit.

2. In his first enumeration of error, Deyton urges error in the allowance by the trial court of evidence of several State's witnesses that the victim had made a complaint to them of child molestation in that the asserted complaints were hearsay. The question for the fact finder was whether the grandfather committed aggravated and simple child molestation against the victim. The child testified in open court, under oath and subject to cross-examination, that Deyton performed such acts. Each of the State's witnesses, also in open court and subject to full cross-examination, testified that the victim, out of court and not under oath, told them that molestation had occurred. Even though there is no significant inconsistency between the child's in-court and out-of-court versions of the acts of molestation and thus impeachment is not involved, the essential issue is the veracity of the child in opposition to the defendant. In her out-of-court statements and in her in-court testimony she testified that he did molest her. At trial she was under oath and subject to cross-examination about her testimony and about her out-of-court statement. Thus the concerns of the rule against hearsay were satisfied. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661). There is no merit to this enumeration.

3. In his second enumeration of error, Deyton argues the trial court erred in refusing evidence of the child's asserted unusual sexual proclivity, apparently to show the child initiated the sexual encounters and fabricated the evidence upon being rejected by her step-grandfather.

The substance of this enumeration is an improper limitation upon the scope of cross-examination. A similar inquiry into an unhealthy preoccupation with sex was disallowed in the case of *Decker v. State*, 139 Ga. App. 707, 708 (2) (229 SE2d 520). In that case the court held that inquiry into a young girl's past sexual experiences was properly denied where consent is wholly irrelevant and facially contributed nothing to the question of whether the child was molested by the adult offender. The scope of cross-examination is not unlimited and the extent thereof lies within the sound discretion of the court. *Hudson v. State*, 137 Ga. App. 439 (1) (224 SE2d 48). An irrelevant or immaterial line of inquiry may be curtailed without violence to a defendant's permissible scope of cross-examination. *Allen v. State*, 137 Ga. App. 302 (3) (223 SE2d 495). Under the circumstances of this case, we find no abuse of discretion by the trial court in its limitation of defendant's cross-examination on this point.

4. In his last enumeration of error, Deyton complains that the trial court erred in denying his motion for supersedeas bond pending appeal. The court examined this motion in detail and made positive findings of fact and conclusions of law concerning this motion. Pursu-

ant to *Birge v. State*, 238 Ga. 88 (230 SE2d 895), the trial court addressed all four questions posed by *Birge* in determining the propriety of granting or denying post-conviction bail. The court found there was no likelihood that Deyton would flee the jurisdiction but did find affirmatively that Deyton might pose a danger to others in the community, that he might intimidate witnesses or otherwise interfere with the administration of justice and that in the court's opinion an appeal was unwarranted and would be taken for purposes of delay.

An affirmative answer to any of these four questions will support the denial of an appeal bond. As observed, the trial court found affirmative answers to three of the four questions. We cannot say that there is a lack of basis for any of these findings of fact. We will not substitute our judgment for that of the trier of fact in the absence of abuse, of which we find none. *Edwards v. State*, 166 Ga. App. 270 (304 SE2d 438).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 4, 1987 —
REHEARING DENIED MARCH 9, 1987 —

*David E. Ralston*, for appellant.
*Roger G. Queen, District Attorney, William H. Boggs, Assistant District Attorney*, for appellee.