A95A0852. INGLE v. THE STATE.
(456 SE2d 281)

BEASLEY, Chief Judge.
Ingle appeals the denial of her motion for supersedeas bond pending a motion for new trial and subsequent appeal of multiple

convictions of withholding information from a practitioner regarding controlled substances, OCGA § 16-13-43 (a) (6). Appellant has requested expedited consideration, to which she is entitled. OCGA § 5-6-43 (c). See *Ferry v. State*, 210 Ga. App. 321 (436 SE2d 59) (1993).

The issue is whether the trial court erred in denying bond without first affording appellant an evidentiary hearing. The State's position is that an opportunity to present her case was afforded to appellant.

At the conclusion of the imposition of sentence and notification of appeal rights, Ingle's counsel asked to be heard on the issue of bond, and the court permitted him to proceed. Counsel asked the court to consider setting a reasonable bond for appeal, arguing that Ingle had made all of her court appearances, had other cases pending, was still under other bond, would remain available to the court, and would not be shown to be a risk under *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976). The court invited the State to respond before it made a ruling.

The State asked the court to deny bond, expressing its concern about "the fact of the risk of the defendant intimidating witnesses," stating that the witness was very apprehensive of Ingle should she remain free, and reminding the court of an apparent threat made to the witness earlier. Defense counsel replied that to his knowledge he had made the only contact with the witness. After the State reiterated its concerns about witness intimidation, defense counsel acknowledged that Ingle and the witness had some disagreement but maintained it was unrelated to the case.

The court denied bond, expressly finding risk that Ingle might intimidate the witness because sentence had been imposed and Ingle realized she was facing a lengthy prison term. The court also offered its opinion that any appeal would be frivolous.

At this point, defense counsel served the prosecutor with a motion for new trial. He then tendered to the court a written motion for bond, stating that he wanted an evidentiary hearing on the motion so that a record could be made to challenge the State's contention of witness intimidation; counsel stated he would bring in the witness. The court stated that it was its responsibility to decide the question concerning the risk of witness intimidation. Counsel interjected that some evidence had to be produced, and the court reiterated that it found two *Birge* factors present. Counsel challenged the finding of frivolousness because the court had not yet considered the motion for new trial. The court stated it could make that determination based on what it then knew but would consider what was presented on the motion for new trial.

There was no further hearing in the matter and the denial of bond was later reduced to writing. The court found a substantial risk

that Ingle would intimidate witnesses and that an appeal appeared to be frivolous or taken only for the purposes of delay.

The procedure required by the law is that " '(A)fter a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a *fresh determination* made by the trial court.' (Emphasis supplied.) *Birge v. State*, 238 Ga. 88, 89, supra. In doing so, the court must give applicant notice of the hearing and a chance to appear and be heard." *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350) (1979), modifying the procedure outlined and overruling anything to the contrary in the order of court in *White v. State*, 146 Ga. App. 147, 148 (245 SE2d 870) (1978). See *Edwards v. State*, 166 Ga. App. 270, 271 (304 SE2d 438) (1983), which noted *Moore's* refinement of the *White* procedure.

Even though Ingle, via her counsel, initiated the issue of bond, this did not abrogate the trial court's duty to make a "fresh determination," that is, a decision made after affording the defendant an opportunity for an evidentiary hearing specifically addressing the matter of bond. This is what defendant eventually asked for, including the right to present a witness to rebut the State's assertion of intimidation. The trial court erred in denying the bond without further inquiry.

The case is remanded for a consideration of evidence on the matter of post-conviction bond. If bond is again denied following the requisite hearing, defendant may appeal the adverse ruling. See *Chatham v. State*, 153 Ga. App. 483, 485 (265 SE2d 835) (1980).

*Judgment vacated and case remanded. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 23, 1995.

*Spruell & Dubuc, Billy L. Spruell, Melinda D. Taylor,* for appellant.

*Roger Queen, District Attorney,* for appellee.