## Motion Docket 237. KNAPP v. THE STATE.
(477 SE2d 621)

ORDER OF COURT.

In his emergency motion, Knapp claims error in the trial court's failure, after a sentence of imprisonment had been imposed, to make a fresh determination of appellant's custody pending a final decision on appeal of his conviction for driving under the influence in violation of OCGA § 40-6-391 (a) (5) pursuant to *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976). Knapp also enumerates as error the trial court's refusal to grant him bond pending his appeal of his misdemeanor conviction.

The governing statute, OCGA § 17-6-1, which previously provided for bail in misdemeanor cases as a matter of right, was amended effective September 1, 1996, to provide that the grant or denial of an appeal bond in certain misdemeanor cases, including

convictions under OCGA § 40-6-391, is in the discretion of the convicting court. OCGA § 17-6-1 (g). The effect of this statutory change is to treat the subject misdemeanor cases in the same manner as felony conviction bail cases are generally treated.

Defendant was convicted on October 16, 1996, of driving under the influence in violation of OCGA § 40-6-391 (a) (5). On October 17, 1996, defendant was sentenced to twelve months, with the first five days to be served in jail, and the balance to be probated and a $1,000 fine. On October 17, 1996, defendant filed a motion for new trial and a request for supersedeas bond which was denied without an evidentiary hearing by the trial court. On October 17, 1996, defendant's counsel requested that the court immediately hold a bond hearing. As of the date of this order the court has not set an appeal bond or scheduled a bond hearing in this case. This case is subject to OCGA § 17-6-1, as amended.

The standards to be applied in determining whether bail pending appeal should be granted or denied are described in *Birge*, supra and *Moore v. State*, 151 Ga. App. 413 (260 SE2d 350) (1979).

"The procedure required by the law is that ' "(A)fter a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a *fresh determination* made by the trial court." (Emphasis supplied.) *Birge v. State*, 238 Ga. 88, 89, supra. In doing so, the court must give applicant notice of the hearing and a chance to appear and be heard.' *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350) (1979), modifying the procedure outlined and overruling anything to the contrary in the order of court in *White v. State*, 146 Ga. App. 147, 148 (245 SE2d 870) (1978). See *Edwards v. State*, 166 Ga. App. 270, 271 (304 SE2d 438) (1983), which noted *Moore's* refinement of the *White* procedure." *Ingle v. State*, 216 Ga. App. 836, 838 (456 SE2d 281) (1995).

While the trial court is free to exercise its discretion consistent with *Birge* in determining whether or not to grant bond, it is not free to refuse to exercise its discretion or to provide defendant the opportunity to be heard on this issue in an evidentiary hearing. "The trial court's refusal to consider [bond] constitutes a refusal to exercise . . . discretion." *Jones v. State*, 208 Ga. App. 472 (431 SE2d 136) (1993).

Under the clear language of the amended statute, the trial court is required to exercise discretion in determining whether to grant appeal bond. Pursuant to *Moore*, the trial court must hold an evidentiary hearing at which it may consider evidence presented during the trial of the case as well as additional oral or documentary evidence. The trial court must then answer four questions: 1) whether there is a substantial risk the defendant will flee; 2) whether there is a substantial risk the defendant will pose a danger to others in the community; 3) whether there is a substantial risk the defendant will

intimidate witnesses or otherwise interfere with the administration of justice; and 4) whether it appears the appeal is frivolous or intended only for delay. An affirmative answer to any of these four questions will uphold denial of bond. *Moore*, supra at 414, n. 1. See also *Ingle*, supra.

The trial court is ordered to hold, *immediately*, an evidentiary hearing on the question of Knapp's appeal bond so as to prevent the issues raised in this case from becoming moot. If the trial court is unable to hold this hearing instanter, the court shall release Knapp pending its holding of the hearing herein provided.

Knapp shall be entitled to appeal the ruling of the trial court on the bond hearing as provided by law and to address therein all other issues not herein addressed.