### A94A1774. PRAYOR v. THE STATE.
(447 SE2d 155)

POPE, Chief Judge.

Defendant Charles Wade Prayor filed this appeal from the denial of his motion for supersedeas bond, OCGA § 17-6-1, following his conviction for aggravated assault.

The record shows that defendant, watching through a window in his house, saw a 15-year-old boy break into his truck. He went outside and chased away the teenager before re-entering his house to call 911. After hanging up the phone, defendant retrieved his .357 magnum, got into his car, and tracked down the teenager at a nearby school. The teenager did not stop at defendant's command, and defendant fired what he termed a warning shot which struck the teen in the back or side, paralyzing him.

In his sole enumeration of error, defendant contends that the trial court erred by denying his motion for a supersedeas bond. We find no merit to this contention. The trial court should not grant bond unless defendant meets his burden of presenting sufficient evidence to convince the trial court that (1) there is no substantial risk the applicant will flee, (2) he is unlikely to commit a serious crime, (3) he will not intimidate witnesses or otherwise interfere with the administration of justice, and (4) his appeal is not frivolous or taken for delay. *Birge v. State,* 238 Ga. 88, 90 (230 SE2d 895) (1976), cert. denied, 436 U. S. 945 (98 SC 2847, 56 LE2d 786) (1978). The trial court complied with the procedure set forth in *Birge* and did not abuse its discretion in denying the appeal bond based on evidence that defendant showed a violent character which, coupled with his violent tem-

per, lack of remorse, and belief that he had committed no wrong in shooting a fleeing teenager who appeared to be stealing his truck, indicated that defendant would be a danger to others. See *Bell v. State*, 204 Ga. App. 528, 530 (2) (419 SE2d 729) (1992).

The trial court also found that defendant failed to prove his appeal was not frivolous or taken for purposes of delay. Defendant based his appeal on *Johnson v. Jackson*, 140 Ga. App. 252 (230 SE2d 756) (1976), which he misinterprets as authorizing a person to use violent force to stop a fleeing suspect. As the trial court stated, the law in Georgia forbids a person from using more force than is reasonable under the circumstances to make a citizen's arrest and deadly force in making the arrest is limited to self-defense or to a situation where it is necessary to prevent a forcible felony. See OCGA §§ 17-4-20; 17-4-60. Furthermore, *Johnson* involved a different factual scenario than the case at hand. The shooting in *Johnson* occurred while the defendant was investigating the burglary of his home and immediately after he had been violently assaulted. In this case, the defendant's life was never in danger, he had already called the police, and he re-initiated the chase after retrieving a gun from his home.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JULY 26, 1994.

*Douglas R. X. Padgett*, for appellant.

*J. Tom Morgan, District Attorney, Richard S. Moultrie, Jr., Gregory J. Lohmeier, Assistant District Attorneys*, for appellee.