A95A1037. WADE v. THE STATE.

(461 SE2d 314)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of violating the Georgia Controlled Substances Act by unlawfully selling marijuana. With a motion for new trial pending, defendant also moved for bond. After a hearing, the trial court denied this motion for bond, concluding that defendant "poses a significant risk of committing a felony if released on bond. . . ." This direct appeal is from the order denying defendant's "Motion for Appeal Bond." *Held*:

1. There is considerable doubt whether a direct appeal will lie from the interlocutory order denying bond during the pendency of a motion for new trial or an appeal. See *Howard v. State*, 194 Ga. App. 857 (392 SE2d 562). Compare *Ferry v. State*, 210 Ga. App. 321 (436 SE2d 59). The question of appellate jurisdiction was not squarely addressed in *Birge v. State*, 238 Ga. 88 (230 SE2d 895). In *Birge*, the Supreme Court of Georgia granted certiorari to consider the unpublished opinion of the Georgia Court of Appeals which had affirmed

the trial court's denial of bail pending appeal from a felony conviction. In that case, the Supreme Court adopted as the Georgia rule the ABA Standards, Criminal Appeals, § 2.5 (a) and (b) (1974). ABA Standards, Criminal Appeals, § 2.5 (a) provides in part: "The decision of the trial court should be subject to review by an appellate judge or court on the initiative of either the prosecution or the defense." *Birge v. State*, 238 Ga. 88, 89, supra. This does not mandate that a direct appeal will lie from an order denying bond but is entirely consistent with the application requirements for interlocutory appeal. Compare *Patterson v. State*, 248 Ga. 875, 877 (287 SE2d 7), where the Supreme Court of Georgia held that an "order denying a plea of double jeopardy is [directly] appealable under . . . Code Ann. § 6-701 [now OCGA § 5-6-34], where the plea was filed sufficiently in advance of trial so as not to constitute a delaying device." Nevertheless, the present practice is that a direct appeal from an order denying appeal bond should be considered on the merits. See *Prayor v. State*, 214 Ga. App. 132 (447 SE2d 155).

2. In his sole enumeration of error, defendant contends the trial court abused its discretion in denying an appeal bond, arguing that the evidence does not support the determination that defendant would again sell marijuana if released on bond.

"[T]here is no constitutional right to bond pending appeal, [cits.]." *Browning v. State*, 254 Ga. 478, 479 (2) (330 SE2d 879). In the case sub judice, since defendant's felony drug conviction was not for trafficking in marijuana, appeal bond may be granted but the question whether to grant bond after conviction is committed to the sound "discretion of the convicting court." OCGA § 17-6-1 (g). An appellate court "will not control that discretion unless it has been flagrantly abused. (Cits.)' *Watts v. Grimes*, 224 Ga. 227 (161 SE2d 286) (1974)." *Birge v. State*, 238 Ga. 88, 89, supra.

At the hearing, "the burden of seeking a stay of execution and a release on bond is upon the applicant." *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350). " 'Release should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice, and that the appeal is not frivolous or taken for delay.' " *Birge v. State*, 238 Ga. 88, 90, supra. "The defendant's conviction rebuts the prior presumption of innocence and justifies requiring the defendant to bear the burden of convincing the court to grant an appeal bond. See *Vanderford v. State*, 126 Ga. [67, 70 (54 SE 822)]." *Ayala v. State*, 262 Ga. 704, 706 (2), 707 (425 SE2d 282).

In the case sub judice, the trial court heard evidence of additional (unindicted) instances where defendant sold marijuana. When

coupled with defendant's lack of remorse and his belief that he had committed no wrong, this evidence was sufficient to support the determination of the trial court that defendant poses a serious risk of committing an additional offense if free on bond. *Prayor v. State*, 214 Ga. App. 132, 133, supra. Consequently, defendant has failed to establish that the trial court manifestly abused its discretion in denying his motion for bond. *Cooper v. State*, 178 Ga. App. 709, 716 (11) (345 SE2d 606).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 18, 1995.

*Spruell & Dubuc, Billy L. Spruell*, for appellant.

*David McDade, District Attorney, Bradley R. Malkin, Assistant District Attorney*, for appellee.