## A95A2248. WILLIFORD v. THE STATE.
### (462 SE2d 632)

BLACKBURN, Judge.

Defendant Travis Williford appeals the trial court's denial of his motion for stay and supersedeas bond following his conviction and incarceration for selling and possessing drugs.[1] He contends that the trial court erred in denying supersedeas by failing to enter written findings of fact in its order, by not considering evidence in support of the grant of supersedeas and weighing it against the evidence for denial of supersedeas, and in failing to consider the likelihood of success on appeal. Williford has filed a motion to expedite this appeal based upon the fact that he is incarcerated. Such motion is unnecessary, as in all criminal cases wherein the defendant is incarcerated, the clerk of the trial court is required to indicate such condition on the face of the record and this court is required to expedite the disposition thereof. OCGA § 5-6-43 (c).

Appellant first contends that the trial court erred by not making written findings of fact and conclusions of law in its order, relying on *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976); *Weaver v. State*, 200 Ga. App. 82, 83 (406 SE2d 574) (1991); *Logan v. State*, 151 Ga. App. 274 (259 SE2d 678) (1979); and *Fong v. State*, 148 Ga. App. 828, 831 (253 SE2d 218) (1979). Appellant's contention is not supported by current law.

As discussed in more detail below, the Georgia Supreme Court in *Birge*, a 1976 case, prescribes the standards that a trial court should apply in determining whether to grant supersedeas, and it does not specifically require that the order set forth findings to support its ruling. This Court did, however, in *White v. State*, 146 Ga. App. 147, 148 (245 SE2d 870) (1978), set out the additional requirement that the findings of the trial court in support of its ruling at a supersedeas hearing be set out in writing. "The purpose of setting forth the supporting evidence is to give the appellate court the opportunity to determine if the trial court abused its discretion." Id. This Court fol-

---

[1] Notice of appeal on the merits of this case was timely filed in the trial court contemporaneously with the instant matter; however, that appeal is not before this Court at this time.

lowed *White* in *Logan v. State*, supra, and in *Fong v. State*, supra, the cases cited by appellant. In *Weaver v. State*, this Court found that the trial court had, in fact, entered findings in its order, not that it was required to do so.

In *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350) (1979), this Court removed the writing requirement found in *White*, revising paragraph two of page 148 of *White* to read as follows: "In view of the number of cases we receive on the matter of appeal bond hearings, this court will set out the procedure a trial court must follow in order to abide by *Birge*. '(A)fter a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a *fresh determination* made by the trial court.' (Emphasis supplied.) *Birge v. State*, 238 Ga. 88, 89, supra. In doing so, the court must give applicant notice of the hearing and a chance to appear and be heard. At such hearing the burden of seeking a stay of execution and a release on bond is upon the applicant. Also, 'the trial judge may consider all the evidence adduced at the trial that is pertinent to this determination in addition to such other oral and documentary evidence that he may consider appropriate.' [Cit.] After the appeal bond hearing conducted in accordance with the above guidelines, the court *must* make its decision as to the granting or denying of the appeal bond by answering the question[s] set out in the above paragraph.[2] The answer of 'yes' to any one of the above questions will support the denial of an appeal bond, absent an abuse of discretion. If an affirmative finding is reached as to any one of the four *Birge* criteria, for this court to consider the appeal the record must include a transcript or meet the requirements of [OCGA § 5-6-41]. In the absence of a transcript we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court.

"Anything to the contrary in *White v. State*, 146 Ga. App. 147, supra; *Johnson v. State*, 147 Ga. App. 94 (248 SE2d 170) (1978); *Fong v. State*, [supra]; and *Logan v. State*, [supra], *is hereby overruled*." (Emphasis supplied.)

*Moore*'s revision of *White* clearly deleted the requirement that a trial court, denying a motion for stay and supersedeas bond, set out in writing those facts supporting its determination. Therefore, in this

---

[2] "The above paragraph referred to in *White* is as follows: 'The mandate of *Birge v. State*, supra, requires the trial court to address four questions when determining whether to allow an appeal bond: (1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support denial of an appeal bond.' " *Moore v. State*, supra at 414.

matter, it was not error for the trial court to fail to set forth in writing the evidence supporting its determination which was contained in the record.

As to the substantive errors enumerated by the appellant, "[t]he granting of an appeal bond to a person who has been convicted of [a crime of the type herein involved] shall be in the discretion of the convicting court." OCGA § 17-6-1 (g). In reviewing the trial court's determination, we are mindful that "[t]he granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the trial court, and this court will not control that discretion unless it has been flagrantly abused. [Cits.]" *Watts v. Grimes*, 224 Ga. 227 (161 SE2d 286) (1968).

The Georgia Supreme Court in *Birge* adopted the following modified version of ABA Standards, Criminal Appeals, § 2.5 (a) and (b) (1974) for release pending appeal in noncapital felony cases: " '(a) When an appeal has been instituted by a convicted defendant after a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a fresh determination made by the trial court. The burden of seeking a stay of execution and release may properly be placed on the appellant. . . . (b) Release should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice, and that the appeal is not frivolous or taken for delay.' " An affirmative finding entered in the record as to any one of the pertinent *Birge* factors is sufficient to deny an appeal bond. *Moore*, supra at 414. Further, in conducting its hearing upon the motion for stay and supersedeas bond, a trial court is authorized to consider all the evidence adduced at the trial pertinent to the motion as well as such other oral and documentary evidence deemed necessary. *Birge v. State*, supra; *Moore v. State*, supra at 414-415.

Based on Williford's sentence to 30 years confinement, a prior conviction for the possession of cocaine, and the evidence supporting the instant conviction upon two counts of selling cocaine and a third count of possessing cocaine, the trial court found that Williford was a flight risk and that the likelihood existed that he would commit other serious crimes, in effect, that Williford posed a danger to others.

Inasmuch as the findings of the court are supported by the record, we cannot say that the court abused its discretion in refusing to stay Williford's sentence or grant an appeal bond.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 13, 1995.

*L. Scott McLarty*, for appellant.

*Lindsey A. Tise, Jr.*, District Attorney, *Kathleen R. Johnson*, Assistant District Attorney, for appellee.