A97A1796. WILLIAMS v. THE STATE.
(491 SE2d 500)

BIRDSONG, Presiding Judge.

Appellant Ricky Williams filed a direct appeal of the order of the superior court denying his motion for an appeal bond; thereafter, we granted his motion for expedited appeal.

Appellant contends in his notice of appeal and in his appellate briefs that he has been convicted of aggravated assault. However, appellant was indicted only for felony obstruction of a law enforcement officer in violation of OCGA § 16-10-24 (b). This felony obstruction charge was pertinently averred as follows: "for that said accused . . . did knowingly and willfully resist, obstruct, and oppose . . . a peace officer engaged in the lawful discharge of his official duties, by accused biting him, thereby doing violence to J. C. Sigler." This charge avers that the obstruction occurred only in one manner, that is, by the accused biting the officer. Further the charge does not aver that the act of biting constituted an aggravated assault; thus, the jury could convict the appellant if they found he bit the officer knowingly and wilfully to resist, obstruct, and oppose him as averred, even though they should also find that said act of biting did not constitute an aggravated assault. Moreover, the trial court correctly did not instruct the jury that appellant was charged with the offense of aggravated assault or that such offense was averred as any element of the felony obstruction charge.

Appellant was convicted by jury of the offense of felony obstruction of an officer as averred in the indictment. Thus, appellant's conviction was for the offense of felony obstruction in violation of OCGA § 16-10-24 (b) and not for the offense of aggravated assault. In January 1997, final disposition was entered in appellant's case. Appellant was sentenced to five years with nine months to serve and the remainder of his sentence to be served on probation.

The incident occurred when police responded to a complaint of domestic violence occurring at appellant's residence. A hearing subsequently was held on appellant's motion for appeal bond. The trial court denied the motion finding that appellant posed "a threat to the community."

Pursuant to order of the trial court, appellant has been incarcerated in the Fulton County Jail pending his motion for new trial and any appeal. His sole enumeration is that the trial court erred in failing to grant his appeal bond motion. *Held*:

1. We reject appellant's contention that, because the sentence imposed (first offender treatment: five years with nine months to serve and the remainder on probation; and special probation conditions including that defendant undergo violence counseling through the probation department) is in essence a misdemeanor sentence, he is entitled to bail as a matter of law. Appellant was convicted of the non-capital offense of felony obstruction of a police officer; he was not convicted of a misdemeanor. " 'It is only in misdemeanor cases that one convicted is entitled to bail as a matter of law.' " *Holcomb v. State*, 129 Ga. App. 86 (198 SE2d 876). Even assuming that the punishment imposed constituted some form of "misdemeanor punishment, it did not reduce the offense to a misdemeanor"; thus, appellant is not entitled to bail as a matter of law. *Fowler v. State*, 229 Ga. 884 (194 SE2d 923) (while the sentence may have been reduced to a misdemeanor level sentence, the crime was not thereby reduced to a misdemeanor and defendant was not entitled to bail as a matter of law).

2. Granting or refusing to grant bail in non-capital felony cases after indictment and conviction is a matter within the sound discretion of the trial court; this Court will not control that discretion unless it has been flagrantly abused. *Birge v. State*, 238 Ga. 88, 89 (230 SE2d 895). "The burden of seeking a stay of execution and release may properly be placed on the appellant." Id. Pursuant to the holding in *Birge*, supra, "[t]he trial court should not grant bond unless defendant meets his burden of presenting sufficient evidence to convince the trial court that (1) there is no substantial risk the applicant will flee, (2) he is unlikely to commit a serious crime, (3) he will not intimidate witnesses or otherwise interfere with the administration of justice, and (4) his appeal is not frivolous or taken for delay." *Prayor v. State*, 214 Ga. App. 132 (447 SE2d 155); *Birge*, supra

at 90. Thus, unless the trial court determines in the exercise of its sound discretion that there exists no substantial risk as to each and every one of the above factors, it should not grant the defendant's release. In making its determinations, the trial court may consider all evidence adduced at the trial pertinent to this determination in addition to such other oral and documentary evidence that it considers appropriate. Id. at 89, n. 1.

At the bond hearing, appellant testified that he did not have any prior convictions, he would not flee if released on bond, there would be no risk that he would pose a danger to the community, and that he would not intimidate witnesses or otherwise interfere with the administration of justice. His wife testified and corroborated his testimony in all respects. Appellant next presented character witness testimony by a county marshal who likewise corroborated his testimony in all respects. The marshal testified further that he has known appellant for approximately 12 years, and that appellant formerly was a deputy sheriff. The final defense witness presented was a deputy sheriff who also was the president of a cleaning compounds manufacturer, the chief state lobbyist for an alternative medical association group, and the field director for various Democratic candidates. He has known appellant for about three years and worked with him in the 1996 elections; should appellant be released, he would offer him a job as appellant is a very hard worker who shows up for work every day. The State offered no live witness testimony; rather, it relied upon the trial court's knowledge of the facts of the case and its own argument that appellant had failed to carry his burden regarding the *Birge* factors. Thereafter the trial court stated on the record that: "I remember the facts of this case very well. I do think [he has] been convicted of *aggravated assault*. I find him to be a threat to the community and I'm not granting the appeal bond." (Emphasis supplied.)

The appellate record reveals that contrary to the trial court's recollection, appellant was not convicted of aggravated assault but of felony obstruction. It appears that the legislature considered both aggravated assault under OCGA § 16-5-21 (a) (2) and aggravated assault on a police officer engaged in the performance of official duties under OCGA § 16-5-21 (c) to be more serious felony offenses than felony obstruction of a police officer under OCGA § 16-10-24 (b), as the latter offense provides for a lesser permissible maximum punishment. Moreover, biting does not per se constitute an aggravated assault; it can, for example, constitute simple battery under certain conditions. While simple battery is not a lesser included offense of felony obstruction of a police officer, it can arise out of the same facts and circumstances as an obstruction charge so as to support an obstruction conviction, and thus merge with felony obstruction if

there is a conviction of both offenses. *Pearson v. State*, 224 Ga. App. 467, 468 (480 SE2d 911). Thus, the offense of felony obstruction could be committed merely by knowingly and wilfully resisting, obstructing, or opposing the law enforcement officer while the latter is in the lawful discharge of his official duties, and by offering or doing violence, such as, a simple battery on the officer. OCGA § 16-10-24 (b); see *Pearson*, supra.

Examination of the indictment and the trial record in its totality reveals that simple battery by biting was the violence used to support the felony obstruction conviction; the State did not argue at trial, neither does it assert on appeal, that an aggravated assault of the officer had occurred. The trial record, however, does reflect as part of the res gestae that the arresting officer had been advised that the appellant, following a previous domestic violence incident, had threatened to shoot any police officer who came to his house to arrest him in the future. Also, a part of the res gestae, there exists detailed evidence in the appellate record of the very aggressive conduct which appellant engaged in to resist arrest, which upon conclusion resulted in three police officers being taken to the hospital. During appellant's arrest, one officer received back injuries and was taken to the hospital on a stretcher, one officer had both kidneys bruised from being thrown against the wall by appellant, and a third officer was sent to the hospital to receive medical treatment to a bite mark inflicted upon him by appellant.

The trial court's sole finding in support of denying bail was that appellant posed a threat to the community. This finding in essence constitutes the *Birge* factor finding that appellant failed to prove that it was unlikely he would commit a serious crime. See generally *Birge*, supra; *Prayor*, supra. There exists sufficient evidence of record to support the trial court's determination to deny appellant bail pursuant to the standards of *Birge*, supra, and *Prayor*, supra. However, because the trial court erroneously concluded during the bond hearing that appellant had "been convicted of aggravated assault," a fair risk exists that the trial court erroneously considered such felony conviction in arriving at its determination that appellant posed a threat to the community.

We cannot affirm the ruling of the trial court denying bond on a "right for any reason" analysis. The record establishes that the trial court was laboring under the erroneous belief that the nature of the crime for which appellant had been convicted was the more serious felony of aggravated assault. In making its determination whether to release an accused on bail pending appeal, the trial court " 'should take into account the *nature of the crime* and length of sentence imposed as well as the factors relevant to pretrial release.' " (Emphasis supplied.) *Birge*, supra at 90. The nature of an accused's convic-

tion being one of the major factors which a trial court must consider in determining whether appellant has carried his burden under *Birge*, accurate identification of the nature of the offense(s) for which an accused'has been convicted is essential to a viable *Birge*-factor analysis. Thus, this case is controlled by the well-settled appellate exception that although " ' "ordinarily, a judgment right for any reason must be affirmed . . ., where it is apparent that the court rests its judgment on *reasons which are erroneous* or upon an erroneous legal theory, it commits reversible error." ' " (Emphasis omitted and supplied.) *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249).

Accordingly, the judgment of the trial court denying bail pending appeal is vacated and the case remanded for timely reconsideration of appellant's motion for bail, consistent with our holding in this case.

*Judgment vacated and case remanded with direction. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 27, 1997.

*J. M. Raffauf*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Carl P. Greenberg*, Assistant District Attorney, for appellee.

