A98A0245. CASILLAS v. THE STATE.
(494 SE2d 760)

BIRDSONG, Presiding Judge.

Joe M. Casillas appeals from the order of the superior court denying his motion for appeal bond/supersedeas bond. For prior appellate history of this case, see generally *Casillas v. State*, 267 Ga. 541 (480 SE2d 571).

Appellant was indicted for murder, felony murder, involuntary manslaughter and possession of a firearm during the commission of a crime; he was convicted of felony involuntary manslaughter by causing death by an unlawful act, to wit: the misdemeanor offense of

reckless conduct or pointing pistol at another (OCGA § 16-5-3 (a)), and of the felony offense of possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b)). He was sentenced to ten years with five to serve on the involuntary manslaughter conviction (five years probated) and an additional five years probation to be served consecutively on the firearm possession conviction.

Appellant moved for a new trial and for an appeal bond. An unreported hearing was held on May 2, 1997, at the conclusion of which appellant's motion for appeal bond was denied; however, the written order denying bond was not issued until July 24, 1997. *Held*:

"The burden of seeking a stay of execution and a release on bond is upon the applicant. Thus, under [*Birge v. State*, 238 Ga. 88 (230 SE2d 895)], the trial court should not grant bond pending appeal unless the applicant presents sufficient information, evidence, or argument to convince the trial court that an affirmative response is not appropriate as to any of the *Birge* criteria. Also, the trial court may consider the evidence adduced at trial that is pertinent to this determination." *Jarrett v. State*, 222 Ga. App. 521, 522 (474 SE2d 702). *Birge*, supra, requires the trial court to address four questions when determining whether to allow an appeal bond: (a) Is there a substantial risk the applicant will flee? (b) Is there a substantial risk the applicant will pose a danger to others or to the community? (c) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? And (d) does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support the trial court's denial of an appeal bond. *Moore v. State*, 151 Ga. App. 413, 414, n. 1 (260 SE2d 350). In making this fresh determination, the trial court should take into account the nature of the crime and length of sentence imposed as well as the factors relevant to pretrial release. *Birge*, supra at 90.

In the absence of a transcript of an appeal bond motion hearing, the ruling of the trial court denying bond must be presumed to be correct. *Moore*, supra at 415. "The . . . bond hearing was not recorded for reasons not disclosed in the record. Without a transcript of the . . . hearing or a statutorily authorized substitute, this Court must assume that the judgment below was correct." *Womack v. State*, 223 Ga. App. 82, 84-85 (476 SE2d 767). "It is the primary responsibility of the appellant to perfect the record on appeal"; this appellant has failed to do. Id. at 85.

Additionally, review of the record reveals that appellant is no longer on active duty with the Ranger Battalion at Hunter Army Airfield at Savannah, Georgia. Rather, at the time of his second trial, appellant and his wife and children lived in San Antonio, Texas, and appellant was working for a security company installing alarms in

various buildings and homes. Considering the length of sentence which was imposed, the nature of the two offenses for which sentence was imposed, and the fact that appellant no longer resides within the jurisdiction of the courts of this state, the trial court could, in the exercise of its sound discretion, determine that appellant did not satisfy all the *Birge* factors necessary for the granting of his motion for an appeal bond. Thus, there exists some evidence of record which would support the trial court's denial of appellant's motion. Compare *Lindo v. State*, 218 Ga. App. 756, 759 (4) (463 SE2d 148); *Williford v. State*, 218 Ga. App. 522, 524 (462 SE2d 632).

Appellant's enumeration of error is without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED DECEMBER 11, 1997.

*Gregory N. Crawford*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.

