## A00A1280. ABERNATHY v. THE STATE.
### (539 SE2d 203)

JOHNSON, Chief Judge.

After a jury trial, Ralph David Abernathy III was convicted of eighteen crimes, including five counts each of theft by taking, making a false statement, and violating an oath by a public officer, two counts of forgery, and one count of influencing a witness. The trial court sentenced Abernathy to serve four years in prison and six years on probation. Abernathy filed a motion for an appeal bond, but it was denied. He appeals from the trial court's refusal to grant bond pending appeal. Because the trial court did not abuse its discretion in denying Abernathy's motion for bond, we affirm the decision.

There is no constitutional right to bond pending appeal.[1] The decision to grant or refuse to grant bail in noncapital felony cases after conviction is a matter which lies within the sound discretion of the trial court; we will not control that discretion unless it has been flagrantly abused.[2]

In exercising its discretion, the trial court must answer four questions: (1) whether there is a substantial risk the defendant will flee; (2) whether there is a substantial risk the defendant will pose a danger to others in the community; (3) whether there is a substantial risk the defendant will intimidate witnesses or otherwise interfere

---

[13] (Punctuation omitted.) *Stoner v. Eden*, 199 Ga. App. 135, 137 (2) (404 SE2d 283) (1991).

[14] Id. at 137-138.

[1] *Wade v. State*, 218 Ga. App. 377, 378 (2) (461 SE2d 314) (1995).

[2] *Williams v. State*, 228 Ga. App. 289, 290 (2) (491 SE2d 500) (1997).

with the administration of justice; and (4) whether it appears the appeal is frivolous or taken only for the purpose of delay.[3] An affirmative answer to any one of these questions will support the trial court's decision to deny an appeal bond.[4] The defendant's conviction rebuts the prior presumption of innocence and justifies requiring the defendant to bear the burden of convincing the court to grant an appeal bond.[5] Thus, the trial court should not grant bond pending appeal unless the defendant presents sufficient information, evidence, or argument to convince the trial court that none of the four factors applies.[6]

In this case, after a hearing on the motion for an appeal bond, the trial court found that there was no substantial risk that Abernathy would flee, no substantial risk that he would pose a danger to the community, and no substantial risk that he would intimidate witnesses or interfere with the administration of justice. The trial court found, however, that, based on his trial notes, his recollection of the trial, and the errors alleged by Abernathy, any appeal would be frivolous and intended only for delay.

1. Abernathy contends that the trial court, in reaching its decision, erroneously considered whether he demonstrated reversible error, rather than whether the appeal was frivolous or intended for delay. He argues that the law does not require a showing of reversible error, just that an appeal is not frivolous. To show that an appeal is not frivolous, he urges, he is only required to demonstrate that points raised in his appeal might arguably have merit.[7] This argument presents no grounds for reversal.

During the hearing on the appeal bond motion the trial court mentioned that Abernathy failed to show reversible error. However, it also specifically discussed and applied each part of the required four-part test. The court considered Abernathy's grounds for appeal and expressly found that any appeal on the bases asserted would be frivolous or interposed for delay. And, the trial court announced at the hearing that it was giving Abernathy's trial counsel the opportunity to "point out, delineate for the court certain, *at least arguably meritorious grounds for appeal*." Thus, the trial court utilized the proper standard in determining whether to grant bond.

2. The trial court did not abuse its discretion in concluding that Abernathy failed to show that the appeal would not be frivolous.

[3] *Knapp v. State*, 223 Ga. App. 267, 268-269 (477 SE2d 621) (1996).
[4] Id. at 269; *Casillas v. State*, 229 Ga. App. 805, 806 (494 SE2d 760) (1997).
[5] *Ayala v. State*, 262 Ga. 704, 707 (2) (425 SE2d 282) (1993); *Wade*, supra.
[6] *Casillas*, supra.
[7] See *Shaw v. State*, 178 Ga. App. 67, 68 (341 SE2d 919) (1986) (physical precedent only).

Abernathy makes the following complaints about the trial:

(a) Abernathy contends that no rational trier of fact could have found him guilty of influencing a witness as charged in Count 29 of the indictment, because the witness who he allegedly influenced testified that Abernathy "never offered her $2700 to lie to the GBI" as charged in the indictment.

The trial transcript has apparently not yet been prepared, and the only "evidence" Abernathy submits in support of his contention that there is no evidence supporting the charge is his trial counsel's testimony at the appeal bond hearing purporting to summarize the witness' trial testimony. In response, the state claims that Abernathy has taken the witness' statement out of context and that other evidence admitted at trial, specifically a tape recording of a conversation between Abernathy and the witness, shows that Abernathy offered the witness money and asked her to make false statements to the GBI. The trial court remarked at the bond hearing that it recalled the tape-recorded conversation and that a jury question was presented on this issue.

It was Abernathy's burden to show that an appeal would not be frivolous. Given the absence of a trial transcript demonstrating that there was no evidence supporting the charge that he influenced a witness as charged in the indictment, Abernathy has not met his burden of showing that his challenge to the sufficiency of the evidence even arguably has merit.

(b) Abernathy complains that during closing arguments, the prosecutor made a statement designed to appeal to the jurors' economic stake in the outcome of the case. The trial court's curative instructions, he says, were ineffective to prevent prejudice. Again, no trial transcript is included in the record. The transcript of the bond hearing includes no details as to either the prosecutor's remarks or the curative instructions given by the trial court. Under the circumstances, Abernathy has not met his burden of presenting evidence, information, or argument showing that his appeal would not be frivolous.[8] The trial court did not abuse its discretion in refusing to grant an appeal bond.[9]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 12, 2000.

*Tony L. Axam*, for appellant.

---

[8] See generally id.

[9] See generally *Williford v. State*, 218 Ga. App. 522, 524 (462 SE2d 632) (1995); *Parrish v. State*, 182 Ga. App. 247, 251 (8) (355 SE2d 682) (1987).

*Paul L. Howard, Jr., District Attorney, Thurbert E. Baker, Attorney General, Michael E. Hobbs, Deputy Attorney General*, for appellee.