A06A2233. LUKE v. THE STATE.
(639 SE2d 645)

PHIPPS, Judge.

Eric Luke appeals the denial of his motion for an appeal bond. Because the trial court did not abuse its discretion in denying his motion, we affirm.

Luke was convicted of attempted rape and aggravated sexual battery. He was sentenced to serve twenty years in prison, followed by ten years on probation. He filed a notice of appeal, as well as a motion for supersedeas bond pending appeal. After an evidentiary hearing, the trial court orally denied the motion for appeal bond. The court later issued a written order explaining that it was denying the appeal bond because Luke posed a significant risk of committing a felony or harming others while awaiting the results of the appeal and because

his "likelihood of success on appeal is minimal and therefore the court finds that the appeal lacks merit."

There is no constitutional right to bond pending appeal.[1] Whether to grant an appeal bond to eligible felony defendants[2] lies within the sound discretion of the convicting court, and we will not disturb the court's decision absent a flagrant abuse of discretion.[3]

> In exercising its discretion, the trial court must answer four questions: (1) whether there is a substantial risk the defendant will flee; (2) whether there is a substantial risk the defendant will pose a danger to others in the community; (3) whether there is a substantial risk the defendant will intimidate witnesses or otherwise interfere with the administration of justice; and (4) whether it appears the appeal is frivolous or taken only for the purpose of delay. An affirmative answer to any one of these questions will support the trial court's decision to deny an appeal bond.[4]

Moreover, the defendant bears the burden of convincing the court to grant an appeal bond, and bond should not be granted "unless the defendant presents sufficient information, evidence, or argument to convince the trial court that none of the four factors applies."[5]

The trial court did not abuse its discretion in denying Luke's motion for appeal bond. The jury had found Luke guilty of two violent sex crimes, and evidence was presented at his appeal bond hearing that he also had a prior aggravated assault conviction. Thus, the record supports the trial court's finding that there is a significant risk that he will commit a felony or harm others while awaiting the results of his appeal.[6]

The record also supports the court's conclusion that Luke's likelihood of success on appeal is minimal. Luke had the burden of showing that his claims on appeal "might arguably have merit,"[7] but he failed even to outline what his appellate claims are, much less to show that they might have merit. He argues that the trial court did not specifically find that his appeal is "frivolous" or "taken only for the

---

[1] *Wade v. State*, 218 Ga. App. 377, 378 (2) (461 SE2d 314) (1995).

[2] Under OCGA § 17-6-1 (g), appeal bonds are not available to defendants who have been convicted of certain listed felonies. The felonies of which Luke was convicted are not on the list.

[3] *Abernathy v. State*, 245 Ga. App. 857 (539 SE2d 203) (2000); *Williams v. State*, 228 Ga. App. 289, 290 (2) (491 SE2d 500) (1997).

[4] *Abernathy*, supra at 857-858 (footnotes omitted); see also *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976).

[5] *Abernathy*, supra at 858 (footnote omitted).

[6] See *Wade*, supra at 378-379 (2).

[7] *Abernathy*, supra at 858 (1) (footnote omitted).

purpose of delay," but we will not fault the trial court for failing to use magic words. It is clear from the court's statements at the hearing, as well as its written order, that the court believed that there was no basis for appeal. Luke failed to carry his burden of demonstrating otherwise.[8]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 7, 2006.

*Melinda I. Ryals, James C. Bonner, Jr.,* for appellant.
*Catherine H. Helms, District Attorney,* for appellee.

---

[8] See id.; *Prayor v. State*, 214 Ga. App. 132, 133 (447 SE2d 155) (1994); *Shaw v. State*, 178 Ga. App. 67 (341 SE2d 919) (1986).