**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 9, 2014**

# In the Court of Appeals of Georgia

A14A1957. MALLOY v. THE STATE.                    JE-071C

ELLINGTON, Presiding Judge.

In the Superior Court of DeKalb County, a jury found Dr. Tyrone Malloy guilty of two counts of Medicaid fraud[1] and the court sentenced him to serve four years in prison. Prior to filing his motion for a new trial, Malloy sought an appeal bond, which the court denied following a hearing. Malloy appeals from the order denying bond,[2]

---

[1] OCGA § 49-4-146.1 (b) (2) makes it unlawful for any person or Medicaid provider "knowingly and willfully to accept medical assistance payments to which he or she is not entitled or in an amount greater than that to which he or she is entitled or knowingly and willfully to falsify any report or document required under this article."

[2] Although the case below is pending, making the instant order interlocutory, "the present practice is that a direct appeal from an order denying appeal bond should be considered on the merits." (Citation omitted.) *Wade v. State*, 218 Ga. App. 377, 378 (2) (461 SE2d 314) (1995).

contending that he presented sufficient evidence demonstrating that he was not a flight risk. For the following reasons, we affirm.

"There is no constitutional right to bond pending appeal. Whether to grant an appeal bond to eligible[3] felony defendants lies within the sound discretion of the convicting court, and we will not disturb the court's decision absent a flagrant abuse of discretion." (Footnotes omitted.) *Luke v. State*, 282 Ga. App. 749, 750 (639 SE2d 645) (2006).

> In exercising its discretion, the trial court must answer four questions: (1) whether there is a substantial risk the defendant will flee; (2) whether there is a substantial risk the defendant will pose a danger to others in the community; (3) whether there is a substantial risk the defendant will intimidate witnesses or otherwise interfere with the administration of justice; and (4) whether it appears the appeal is frivolous or taken only for the purpose of delay. An affirmative answer to any one of these questions will support the trial court's decision to deny an appeal bond.

(Footnotes omitted.) *Abernathy v. State*, 245 Ga. App. 857, 857-858 (539 SE2d 203) (2000); see also *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976).

---

[3] Because Malloy's conviction for fraud is not among those offenses listed in OCGA § 17-6-1 (g), he is eligible for an appeal bond.

The defendant bears the burden of persuading the court to grant an appeal bond, and the court should not grant bond "unless the defendant presents sufficient information, evidence, or argument to convince the trial court that none of the four factors applies." (Footnote omitted.) *Abernathy v. State*, 245 Ga. App. at 858. See also *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350) (1979) (accord). In addition to any evidence offered by the defendant, "the trial judge may consider all the evidence adduced at the trial that is pertinent to [the appeal bond] determination[.]" (Punctuation and footnote omitted.) *Williford v. State*, 218 Ga. App. 522, 523 (462 SE2d 632) (1995). "Whether we agree with [the trial court's] findings and conclusions is not controlling." (Citations and punctuation omitted.) *Hardy v. State*, 192 Ga. App. 860, 861 (2) (386 SE2d 731) (1989) (physical precedent only). Thus, as long as there is some evidence to support the trial court's decision,[4] we will not disturb it. See *Abernathy v. State*, 245 Ga. App. at 857-858.

---

[4] The trial court is not required to make findings of fact supporting its decision. Rather, the court is only required to affirmatively find in its order the existence of one of the four factors outlined above. See *Moore v. State*, 151 Ga. App. at 414-415.

In this case, the court denied Malloy's request for bond by affirmatively finding that there was a substantial risk that Malloy would flee.[5] Although Malloy presented evidence of his community ties, the trial court stated that it was not persuaded by Malloy's assurances. Given that Malloy was convicted of Medicaid fraud, a crime involving deceit and the theft of public funds, the court's distrust of Malloy's assurances is reasonably based in record evidence. Also, at sentencing, Malloy showed no acceptance of the jury's verdict and little understanding that it warranted criminal punishment, stating "I would not have sacrificed all of the things that I have done if I had intent to defraud Medicaid. I feel that my contribution of what I felt a doctor should be and should do was what I've accomplished in 37 years. In no way was I trying to do something that was illegal." The record also contains evidence that Malloy is older, wealthy, and has family and business connections outside of Georgia, connections that may provide him refuge or aid. Given that some record evidence supports the court's decision to deny Malloy an appeal bond, we cannot say that the trial court manifestly abused its discretion. See *Williford v. State*, 218 Ga. App. at 524.

---

[5] The court did not address any of the other factors relevant to the decision to deny an appeal bond. Consequently, whether the court's decision also may be sustainable on another ground is not properly before this Court.

2. Malloy's motion to expedite this appeal is denied as moot.

*Judgment affirmed. Phipps, C. J., concurs. McMillian, J., concurs in judgment only.*