**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**October 23, 2014**

# In the Court of Appeals of Georgia

A14A1759. SNEIDERMAN v. THE STATE.                    DO-064 C

DOYLE, Presiding Judge.

Andrea Sneiderman was convicted of one count of hindering the apprehension of a criminal,[1] one count of concealment of material facts,[2] three counts of making false statements,[3] and four counts of perjury.[4] On August 20, 2013, the trial court sentenced Sneiderman to five years imprisonment. Sneiderman thereafter filed motions for new trial, which remain pending with the trial court, and a motion for bond pending appeal, which was denied by the trial court on December 16, 2013.

---

[1] OCGA § 16-10-50 (a). Sneiderman was acquitted of three additional counts of perjury and one additional count of false statements.

[2] OCGA § 16-10-20.

[3] Id.

[4] OCGA § 16-10-70 (a).

Sneiderman now appeals the denial of her motion for bond pending appeal. For the reasons that follow, we affirm.

Although Sneiderman began her post-sentence confinement in the State of Georgia prison system on December 16, 2013, she was released on parole by the Department of Corrections on June 16, 2014.

1. In her sole enumeration on appeal, Sneiderman argues that under the four-part test stated in *Birge v. State*,[5] the trial court abused its discretion by denying her motion for bond pending appeal. Sneiderman points to the testimony at the hearing on the motion to support her argument that there was no basis for the trial court to deny the motion.

> There is no constitutional right to bond pending appeal. Whether to grant an appeal bond to eligible felony defendants lies within the sound discretion of the convicting court, and we will not disturb the court's decision absent a flagrant abuse of discretion. In exercising its discretion, the trial court must answer four questions: (1) whether there is a substantial risk the defendant will flee; (2) whether there is a substantial risk the defendant will pose a danger to others in the community; (3) whether there is a substantial risk the defendant will intimidate witnesses or otherwise interfere with the administration of justice; and (4) whether it appears the appeal is frivolous or taken only

---

[5] 238 Ga. 88 (230 SE2d 895) (1976).

for the purpose of delay. An affirmative answer to any one of these questions will support the trial court's decision to deny an appeal bond. Moreover, the defendant bears the burden of convincing the court to grant an appeal bond, and bond should not be granted unless the defendant presents sufficient information, evidence, or argument to convince the trial court that none of the four factors applies.[6]

Here, the trial court specifically found that Sneiderman failed to satisfy the court that there was not a substantial risk of flight or that the appeal was not without merit or not instituted for the purpose of delay. Although Sneiderman presented evidence at the hearing in the form of friends and family members willing to risk their personal wealth so that she could be released on bond and that in their opinions she was not a flight risk, the trial court was also aware of the circumstances regarding Sneiderman's conviction, which included crimes of deceit. Pretermitting the issue of whether the trial court abused its discretion by finding that Sneiderman's appeal of the merits of the case was frivolous, we cannot say as a matter of law that the trial court abused its discretion by denying an appeal bond to Sneiderman on the basis that she failed to carry her burden of establishing that she was not a flight risk.[7]

---

[6] (Footnotes and punctuation omitted.) *Luke v. State*, 282 Ga. App. 749, 750 (639 SE2d 645) (2006).

[7] See, e.g., id. at 751.

3

2. Based on the fact that Sneiderman has been released on parole and citing to this Court's decision in *Hazelrig v. State*,[8] the State has filed a motion to dismiss this appeal, arguing that the issue is moot. On the other hand, Sneiderman argues that she continues to labor under parole requirements because of the denial of bond pending appeal. Pretermitting whether the issue is moot based on her release from custody, the motion is hereby denied based on our holding in Division 1 of this opinion.

*Judgment affirmed. Miller, J., concurs. Dillard, J., concurs in judgment only*.

---

[8] 171 Ga. App. 97 (319 SE2d 465) (1984).