# Court of Appeals
# of the State of Georgia

ATLANTA,  April 26, 2017

*The Court of Appeals hereby passes the following order:*

**A17E0047. DELEVAN v. THE STATE.**

On April 26, 2017, pursuant to Court of Appeals Rule 40 (b), Daniel Delevan asked this Court for relief from an order of the Superior Court of Towns County revoking his supersedeas bond. He contends that his bond was revoked based upon an improper finding that his appeal had terminated, given that the trial court had allegedly improperly denied his motion for an out-of-time appeal in a separate order. He argues that this Court should vacate the trial court's order revoking bond to prevent the issue of whether he is entitled to bond from becoming moot. Delevan argues that, since he was sentenced to serve only 180 days of his 36 month sentence for his third DUI, a high and aggravated misdemeanor in violation of OCGA § 40-6-391, he will have served a portion of his sentence before an appeal can be resolved by the Court.

This Court's Rule 40 (b) emergency powers are limited and intended to be used sparingly. "Generally, no order shall be made or direction given in an appeal until it has been docketed in this Court." Moreover, typically, we may only issue "such orders or give direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot."

The issue before us is not whether the trial court erred in denying Delevan's motion for an out-of-time appeal. Such an order is directly appealable; and he has filed a notice of appeal. *Stephens v. State*, 291 Ga. 837 (1) (733 SE2d 266) (2012)

("The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal.") (citation and punctuation omitted). If this Court reverses the trial court's decision, Delevan will be able to challenge the judgment of conviction by timely filing a notice of appeal.

Rather, the issue before us is whether we should exercise our Rule 40 (b) power to vacate an order of the trial court denying Delevan bond pending appeal. Delevan contends that if we do not grant the requested relief, he will have served his jail time before this Court has had an opportunity to hear an appeal from the order revoking his supersedeas bond, rendering the issue moot.

There is no constitutional right to bond pending appeal. *Wade v. State*, 218 Ga. App. 377, 378 (2) (461 SE2d 314) (1995). However, OCGA § 17-6-1 (g) provides, in relevant part, that "[t]he granting of an appeal bond to a person who has been convicted of . . . any misdemeanor offense involving . . . any offense delineated as a high and aggravated misdemeanor or of any offense set forth in Code Section 40-6-391, shall be in the discretion of the convicting court."

> In exercising its discretion, the trial court must answer four questions:
> (1) whether there is a substantial risk the defendant will flee; (2) whether there is a substantial risk the defendant will pose a danger to others in the community; (3) whether there is a substantial risk the defendant will intimidate witnesses or otherwise interfere with the administration of justice; and (4) whether it appears the appeal is frivolous or taken only for the purpose of delay. *An affirmative answer to any one of these questions will support the trial court's decision to deny an appeal bond.* Moreover, the defendant bears the burden of convincing the court to grant an appeal bond, and bond should not be granted unless the defendant presents sufficient information, evidence, or argument to convince the trial court that none of the four factors applies.

(Footnotes and punctuation omitted; emphasis supplied.) *Luke v. State*, 282 Ga. App. 749, 750 (639 SE2d 645) (2009). Finally, '[a]fter a sentence of imprisonment has

been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a fresh determination made by the trial court." *Knapp v. State*, 223 Ga. App. 267, 268 (477 SE2d 621) (1996) (citation omitted). "In doing so, the court must give applicant notice of the hearing and a chance to appear and be heard." Id.

Based on the documents provided in support of his emergency motion, it appears that the trial court originally granted Delevan an appeal bond prior to a hearing on his motion for a new trial. Delevan's motion for a new trial was denied on November 22, 2016, and the time for filing a notice of appeal expired thirty days later. OCGA § 5-6-38 (a). On March 31, 2017, the trial court issued an order setting a hearing on the State's "Motion to Enforce Sentencing" for April 20, 2017. It appears that defense counsel was at the hearing and presented argument opposing the State's motion, including requesting an out-of-time appeal. Although Delevan contends that he was denied notice and an opportunity to be heard on whether his bond should be revoked, the record before us does not support that claim. "Appeal bonds shall terminate when the right of appeal terminates[.]" OCGA § 17-6-1 (g). Consequently, whether Delevan was entitled to have his bond continued under these circumstances was inherently an issue of which counsel was on notice to argue.

Additionally, based on the documents before us, it appears that the trial court considered the four factors set forth above in the exercise of its sound discretion, and concluded that Delevan was a flight risk and posed a threat or danger to members of the community and their property. *Delevan has not argued in his emergency motion that either of these findings constituted an abuse of discretion.* Given that the trial court was entitled to deny bond based on those findings, Delevan has not demonstrated any error below. *Williford v. State*, 218 Ga. App. 522, 523 (462 SE2d 632) (1995) ("The answer of 'yes' to any one of the above questions will support the denial of an appeal bond, absent an abuse of discretion."). Moreover, "[i]n the absence of a transcript we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court." Id.

Based on the information before us, Delevan has not carried his burden of

showing that he is entitled to relief pursuant to Rule 40 (b). Consequently, the motion hereby ordered DENIED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  04/26/2017  *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*